Matter of the Estate of KATE O'KANE, Deceased.

(Surrogate's Court, New York County, June, 1919.)

Discovery — what is a good and proper payment — insurance (life)— executors and administrators — Code Civ. Pro. §§ 2675, 2676.

Where an insurance company, before letters testamentary were issued on the estate of a deceased and before it had notice that an application for letters had been made, paid the proceeds of a policy on her life to a sister of the testatrix upon the surrender of the policy, under a clause therein giving the company the privilege of paying the proceeds to a relative by blood of the insured, it was a good and proper payment and relieves the company from further liability although the policy was payable to the estate of the deceased.

So an application by the executrix of the deceased in a discovery proceeding (Code Civ. Pro., §§ 2675, 2676) for an order compelling the insurance company to deliver the policy to her will be denied.

Application for discovery.

Davies, Auerbach & Cornell (George T. Hogg, of counsel), for petitioner.

Dayton & Bailey (Solon Weit, of counsel), for the Prudential Insurance Company of America.

Fowler, S. This is a discovery proceeding instituted by the executrix of the estate of the deceased. The petitioner alleged that the Prudential Insurance Company has in its possession a certain policy of insurance payable to the estate of the deceased and that it has refused to deliver the policy to her. The insurance company filed an answer, in which it alleged that it paid the proceeds of the policy of insurance to Mary Treiloff, a sister of the deceased, and that such payment was made in accordance with a clause in the policy which gave the company the privilege of paying the proceeds to a relative by blood of the insured. That the policy of insurance did contain such a clause is not controverted, but the petitioner contends that Mary Treiloff, the person in whose favor the check for the proceeds was made out by the insurance company, did not receive the money. Mary Treiloff gave the insurance company a receipt for its check in payment of the policy, and the check was indorsed by her. The policy was then surrendered to the company and canceled. Whether the indorsement was for valid consideration, or whether it was induced by misrepresentations on the part of another person, is immaterial so far as the insurance company is concerned. It per-

formed its contract when it delivered to a blood relative of the deceased its check for the amount of the policy, and it had sufficient funds in the bank to pay the check.

Petitioner also contends that payment should be made by the insurance company to the executrix. At the time the payment was made by the company letters testamentary upon the estate of the deceased had not been issued, and no notice had been given to the company that application for the probate of the will or the issuance of letters testamentary had been made. While the policy before payment constituted, potentially, an asset of the estate because it might be paid to the executrix by the insurance company, it ceased to be such when it was paid to the sister of the deceased under that clause of the policy which gave the company the privilege of making such payment. That was good payment in accordance with the contract of insurance (*Thompson* v. *Prudential Ins. Co.*, 119 App. Div. 666; *Cohen* v. *Hancock Mutual Life Ins. Co.*, 135 id. 776), and the executrix is not entitled to the policy.

The application to compel the insurance company to deliver the policy of insurance to the executrix is therefore denied.

Application denied.