THOMAS v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

[No. 19,872.   Filed May 2, 1902.]

INSURANCE.—*Industrial Policy.*—*Beneficiary.*—An insurance policy was made payable at the death of the assured to his executor or administrator unless settlement should be made under the provisions of article second of said policy. Article second provided that the company might pay the sum of money insured to any person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of insured for his burial, or for any other purpose. Assured became unable to pay his premiums, and an agreement was entered into by the company and the assured and his wife that if the latter would pay the premiums the policy would be assigned to her and the company would, upon the death of the assured, pay the amount named in the policy to her. The policy was assigned to her and she paid the premiums. The company paid the amount named in the policy to the mother of the assured. *Held,* that the agreement was nothing more than a designation of the wife as a beneficiary under the policy, and as such beneficiary she was bound by article second thereof.

From Clay Circuit Court; *S. M. McGregor*, Judge.

Action by Josephine Thomas against the Prudential Insurance Company on a life insurance policy. From a judgment for defendant, plaintiff appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*G. S. Payne* and *J. A. McNutt*, for appellant.
*G. A. Knight*, for appellee.

DOWLING, J.—The complaint states, in substance, that on May 7, 1894, the appellee, by its policy of insurance, a copy of which was made an exhibit, insured the life of George Thomas, the husband of the appellant, in the sum of $190, payable at the death of the assured to his executor or administrator, unless settlement should be made under the provisions of article second of said policy; that afterwards, in 1899, the said policy was in danger of lapsing by reason of the failure of the assured to pay the premium then due; that thereupon a parol agreement was made between the said George Thomas, the appellant, and the said company that, if the appellant would pay the premiums then due, the said George Thomas would assign said policy to the appellant, and that the company would, upon the death of the assured, pay the amount named in the policy to appellant; that afterwards the said policy was assigned and delivered to the appellant, and that she paid the premiums then due, and all premiums thereafter becoming due, until the death of the said George Thomas, which occurred September 29, 1899; that the assured and the appellant performed all the conditions of the policy on their part to be performed, but that, upon the death of George Thomas, the company paid the amount named in the policy to Martha Thomas, the mother of the assured, claiming the right to do so under article second of said policy, and refused to pay the same to appellant. A second paragraph, containing the material averments of the first, states the additional fact that at the time the policy was assigned to appellant the assured designated her as the beneficiary, and that the company had notice of such assignment and designation. Article second of the policy was as follows: "The company may pay the sum of money insured hereby to any one related by blood, or connected by marriage, of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the in-

sured for his or her burial, or for any other purpose; and the production by the company of a receipt signed by any or either of such persons, or other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully paid." Demurrers to these paragraphs for want of facts were sustained, and judgment was rendered against the appellant. These rulings, which are assigned for error, present the only question on this appeal.

The agreement among the parties, referred to in the complaint, must be understood as nothing more than the designation of the appellant as the beneficiary under the policy. It did not in any other respect change the conditions of that instrument. After such designation and assignment, the rights of the appellant as such beneficiary were just what they would have been had she been named in the original application and in the policy. The contract of the company, as well after the assignment of the policy as before, was to pay the amount due either to the appellant as beneficiary, or, in pursuance of article second, to any one related by blood or connected by marriage with the assured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the assured, or for his burial, or for any other purpose. The appellant, as a party to the contract, as fully assented to article second, and was as firmly bound by it as by any other condition of the policy. *Quinlan* v. *Provident, etc., Ins. Co.*, 133 N. Y. 356, 31 N. E. 31, 28 Am. St. 645; *Susquehanna, etc., Ins. Co.* v. *Swank*, 102 Pa. St. 17; *Cleaver* v. *Traders Ins. Co.*, 71 Mich. 414, 39 N. W. 571, 15 Am. St. 275; *Goddard* v. *East Texas Fire Ins. Co.*, 67 Texas 69, 71, 1 S. W. 906, 60 Am. Rep. 1; *Morrison* v. *Insurance Co.*, 69 Texas 353, 6 S. W. 605, 5 Am. St. 63; *Guinn* v. *Phoenix Ins. Co.* (Tex. Civ. App. 1893), 31 S. W. 566. That article operated as an appoint-

ment, both by the assured and the appellant, of persons, any of whom were authorized to receive payment of the sum named in the policy. It appears from the complaint that the company paid that sum to Martha Thomas, the mother of the assured, in strict accordance with that condition, and was thereby discharged, under its express terms, from further liability. In the *Metropolitan Ins. Co.* v. *Schaffer*, 50 N. J. L. 72, 11 Atl. 154, it was said: "The purpose and object of this kind of insurance seemed to require the payment to be made in that way, and it should, in good policy, be upheld. Unlike the ordinary life insurance, small sums are provided by these industrial policies, to be paid at once, on proof of death and surrender of policy.    *    *    *    The terms and manner of the insurance contemplate speedy payment to the family of the assured, immediately after his death, to provide a burial fund, or to meet the expenses which, in such an emergency, must be incurred."

Before actual payment by the company to some of the persons named in article second, an action might perhaps be maintained by the executor, administrator, or beneficiary, for the amount named in the policy; but, when such payment has actually been made, by the express terms of the policy it operates as a complete discharge of the company from further liability. *McCarthy* v. *Metropolitan Life Ins. Co.*, 162 Mass. 254, 38 N. E. 435; *Lewis* v. *Metropolitan Life Ins. Co.*, 178 Mass. 52, 59 N. E. 439.

Each paragraph of the complaint discloses that the company had discharged its obligation under the policy by payment of the amount due thereon to a person who was appointed and authorized to receive it. Therefore no right of action in the appellant existed, and the court did not err in sustaining the demurrers.

Judgment affirmed.