## SETTLEMENTS OF INDUSTRIAL INSURANCE POLICIES.

Court of Appeals for Hamilton County.

THE METROPOLITAN LIFE INSURANCE CO. v. OBERST BURBANK, ADMINISTRATOR OF THE ESTATE OF JAMES A. MULVEY.

Decided, June 30, 1914.

*Life Insurance—Facility of Payment Methods Upheld as to Industrial Policies—Action Can Not be Maintained by Administrator on a Policy Paid as Directed Therein.*

Owing to the great volume of insurance done by industrial insurance companies and the necessity for prompt settlement in order to efficiently carry out the purpose of insurance of that class, and also for the protection of the companies against claims which might develop during the course of the legal administration of the estates involved, facility of payment provisions contained in such policies should be regarded with favor; and where it appears that payment was made strictly within the terms of the policy and in good faith on the part of the company and the proceeds were applied to payment of the funeral expenses and an unpaid board bill of the decedent, a motion lies to arrest from the jury an action brought by the administrator on such a policy and a verdict should be directed for the defendant company.

*Robertson & Buchwalter* and *Theodore C. Jung*, for plaintiff in error.

*William K. Collins*, contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

The action below was brought by Oberst Burbank, as administrator of James A. Mulvey, deceased, to recover $210 with interest and for an accounting, under a policy No. 42,660,077 issued by the Metropolitan Life Insurance Company upon the life of James Mulvey, November 8, 1909, then twenty years of age, on the payment of weekly premiums of ten cents.

The language of the policy contained the following facility of payment clause:

"The company may pay the amount due under this policy to either the beneficiary named below, or to the executor or ad-

ministrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

And for the purpose of naming the beneficiary and the relationship or situation he bore to the insured it contained the following language:

"Name of beneficiary and relationship to the insured, Geo. Loyd, Guardian."

The Metropolitan Life Insurance Company, as defendant, admitted the making of the policy and the death of the insured, and pleaded the payment of the entire amount due to George Loyd as the beneficiary named in the policy, and to one Mary E. Snider, who had united with said George Loyd in surrendering the policy of insurance and all the receipt books, and who claimed that the policy of insurance had been given to her by the insured as security for the payment of a board bill due and owing from him to said Mary Snider. It further stated that said George Loyd furnished proof that he was the beneficiary named in said policy of insurance, and that he and his wife had raised and brought up the said James A. Mulvey to the age of fourteen years and provided for his necessary wants. And it further stated that said George Loyd furnished proof to said company that he had incurred expense for the burial of said insured, and that the company had issued its check, which was duly paid, for the entire proceeds of said policy of insurance amounting to $210.40 to the joint order of George Loyd and Mary E. Snider, and that said check was paid to said parties.

Upon trial it developed that the insurance company had made payment, in accordance with the allegations of its answer, before any claim had been made upon it by plaintiff or any other claimant under said policy.

On submission to the jury a verdict was rendered in behalf of the plaintiff for $100.10, upon which a judgment was after-

wards entered. Error is prosecuted in this court for the purpose of setting aside such judgment.

From a careful examination of the record it appears that after the death of the insured proof of claim was promptly filed with the company by George Loyd as the beneficiary named in the policy, and that Mary E. Snider, who had possession of the insurance policy and receipts, also claimed some interest therein on account of money due her from the deceased. Upon investigation by the insurance company the entire amount due under the policy was paid under a check drawn by said company in favor of George Loyd and Mary E. Snider. Out of this check the entire funeral expenses were paid to the undertaker, and the balance of the money was divided in a manner satisfactory to the parties between said George Loyd and Mary E. Snider.

Defendant in error concedes that if George Lloyd had been actually the legal guardian of James A. Mulvey, plaintiff could not maintain the suit. We do not understand that the statement in the policy showing ''Name of beneficiary and the relationship to the insured'' as ''Geo. Loyd—Guardian'' should be taken to mean that George Loyd was then the legal guardian of the insured, but rather that the relationship which he bore to the insured was somewhat similar to that of a guardian, and the policy gave that as the relationship of the parties.

Industrial insurance companies because of the great volume of business done by them, evidenced in this case by the high number of the policy in question, have usually by the form of their policies provided for payments thereunder in a manner that will promote prompt settlement to carry out efficiently the purpose of such insurance and at the same time to protect the company against other claims which might develop upon a legal administration of an estate. The amounts involved are comparatively small and the benefits to be derived largely depend upon a prompt payment, as the fund is usually necessary to provide for burial and other expenses incurred upon the emergency of death.

Questions arising under payments made under the facility of payment clause of insurance policies of a similar character

have been frequently brought before the courts, but because of the small amount involved they are usually found in the reports of the lower courts.

In *Thomas* v. *Prudential Ins. Co. of America*, 63 N. E. (Ind.), 795, at page 796 the law is thus stated:

"In *Insurance Co.* v. *Schaffer*, 50 N. J. Law, 72 (11 Atl., 154), it was said: 'The purpose and object of this kind of insurance seemed to require the payment to be made in that way, and it should, in good policy, be upheld. Unlike the ordinary life insurance, small sums are provided by these industrial policies to be paid at once on proof of death and surrender of policy. * * * The terms and manner of insurance contemplate speedy payment to the family of the assured, immediately after his death, to provide a burial fund, or to meet the expenses which, in such an emergency, must be incurred.' Before actual payment by the company to some of the persons named in article second, an action might, perhaps, be maintained by the executor, administrator, or beneficiary, for the amount named in the policy; but when such payment has actually been made, by the express terms of the policy it operates as a complete discharge of the company from further liability."

See also: *Thompson* v. *Prudential*, 119 App., Div. (N. Y.), 667; *Thomas* v. *Prudential*, 24 Atl. (Penn.), 82; *Wilkinson* v. *Metropolitan*, 63 Mo. App., 404.

Parties when not prohibited by law from so doing are at liberty to make their own contract, and within limits to provide what shall be evidence of certain facts. In this case the payment made by the company seems to have been directly within the terms of the policy. It was made to the beneficiary named in the policy upon the production of the policy and receipts for premiums paid thereunder, by him in conjunction with Mrs. Snider, who had a small claim for money advanced. The fact that the local agent of the company at the time of this payment insisted upon seeing that out of the amount so paid the undertaker's bill and the funeral expenses should be paid, and the fact that for convenience the entire check was endorsed over to the undertaker and that he gave checks for the difference, or how that difference was divided between Mr. Loyd and Mrs. Snider, or that the undertaker appeared to have made a

certain discount upon the funeral bill in favor of the beneficiary, can make no difference as to the validity of the payment, which was made in strict accordance with the terms of the policy.

There is nothing in the record to show any want of good faith on the part of the insurance company nor that its action in making the payment as it did under the policy was violative of the rights of any claims that were brought to its knowledge. The motion of the defendant to arrest the cause from the jury and direct for the defendant should have been granted.

The judgment is therefore reversed and judgment entered here for plaintiff in error.