ARCHIBALD F. SLINGERLAND, EXECUTOR, ETC., APPELLANT, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

An industrial policy of life insurance contained this clause: "This policy issued and accepted subject to the following conditions and agreements." * * * "Second: The company may pay the sum of money issued hereby to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the

insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied." *Held*, that a payment to the daughter of the deceased, after demand by the executor of the deceased, and before suit, upon the production of the policy and proof in accordance with the above clause, is a complete bar to the company from further liability under the policy, at the suit of the executor of the deceased.

On appeal from the Essex County Circuit Court.

For the appellant, *Smith & Slingerland*.

For the respondent, *Alfred O. Hurrell* and *James Guest*.

The opinion of the court was delivered by

BLACK, J. This suit was brought upon an industrial policy of life insurance dated January 17th, 1887, issued by the defendant to Jonathan Sloan, plaintiff's decedent, insuring his life in the sum of $500. On February 7th, 1919, Jonathan Sloan died leaving a will in which he appointed the plaintiff executor.

On February 8th, 1919, the plaintiff notified the defendant in writing of the death of the insured and of the plaintiff's appointment as executor. He demanded payment of the amount due under the policy. This notice was received by the defendant at its home office, in Newark, on February 10th, 1919.

On February 13th, 1919, the defendant paid the amount due under the policy to Martha M. Murphy, a daughter of the decedent, upon submission by her of duly verified proofs and upon delivery by her to the defendant of the policy, which was in her possession. At the date of the payment the letter of February 8th of the plaintiff had not reached the department of the defendant, which made the payment, but this is an immaterial circumstance. The defendant relies upon the pro-

vision of the policy hereinafter set forth commonly known or called the Facility of Payment Clause, as a defence from liability to the plaintiff.

On February 20th, 1919, the will of Jonathan Sloan was admitted to probate; the plaintiff duly qualified as executor. He commenced the suit on July 17th, 1919. The provision of the policy relied upon by the defendant as a defence to the action is as follows: "This policy issued and accepted, subject to the following conditions and agreements." \* \* \* "Second. The company may pay the sum of money issued hereby, to any relative by blood, or connection by marriage of the insured, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

The case was submitted to the court below upon an agreed state of facts. The court found in favor of the defendant, judgment was entered thereon, reserving an exception to the plaintiff. The ruling of the trial court in favor of the defendant is the only point involved on this appeal which, in turn, involves the construction of the above clause in the policy of insurance commonly called the Facility of Payment Clause. The point is not a new one or one of first impression in the courts of New Jersey. The clause under discussion is so clear in its terms, its purpose, so obvious and manifest, there is no room for construction. The company has the power; the contract between it and the assured expressly gives it the right to exercise its discretion; when it has done so, in accordance therewith, it is protected by the terms of the policy; as our Supreme Court said, the purpose and object of this kind of insurance seem to require the payment to be made in that way, and it should, in good policy, be upheld.

We think the ruling of the trial court is supported by authority of the New Jersey courts. *Metropolitan Life Insurance Co.* v. *Schaffer,* 50 *N. J. L.* 72; *Brooks* v. *Metropolitan Life Insurance Co.,* 70 *Id.* 36; *Prudential Insurance Co.* v. *Godfrey,* 75 *N. J. Eq.* 484. This accords with the rulings in other jurisdictions, where, in some of the cases, this identical clause was under discussion. *Prudential Insurance Co.* v. *Brock,* 48 *App. D. C.* 4; *L. R. A.,* 1918E 489; *American Security, &c., Co.* v. *Prudential Insurance Co.,* 16 *App. D. C.* 318; *Thompson* v. *Prudential Insurance Co.,* 119 *App. Div.* 666; 104 *N. Y. Supp.* 257; *Thomas* v. *Prudential Insurance Co.,* 158 *Ind.* 461; *Brennan* v. *Prudential Insurance Co.,* 170 *Pa. St.* 488. For a collection of other cases, see note in 20 *L. R. A. (N. S.)* 928; *L. R. A.,* 1916F 461.

But it is argued by the appellant—the validity of the contract of insurance being admitted—the precise point raised in this case was not disposed of in any of the cited cases, viz., the discretion conferred upon the insurer under the above clause must be exercised before payment is demanded by the representative of the deceased. The demand was made February 8th, 1919, the payment was made February 13th, 1919. But the executor's right to thus limit the power of selection by the insurer is not in the contract. The complete answer to the appellant's point is, the contract of insurance between the parties does not so provide. The court cannot make a contract for the parties by judicial construction. An election by the insurer, and a payment to anyone of the class or classes of persons designated in the above article showing themselves to be equitably entitled to receive the money, before suit is brought, is a complete discharge of the defendant from further liability under the policy. This accords with the ruling in the case of *American Security, &c., Co.* v. *Prudential Insurance Co., supra;* to the same effect is *Thomas* v. *Prudential Insurance Co., supra.*

We are not called upon to decide what effect a payment might have after the suit had been commenced.

The judgment of the Essex County Circuit Court will be affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TREN-CHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.