## METROPOLITAN LIFE INS. CO. v. BATES.

### [94 South. 216.  No. 22801.]

INSURANCE. *Insurer paying industrial insurance policy in good faith and in strict accordance with its terms discharged from further liability.*

Where an industrial insurance policy contained a clause providing that, in case of the death of the insured before the maturity of the endowment, "the company may pay the amount due under this policy to either the beneficiary named below or to the executor, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied," *held,* that a payment of the amount of the policy to the husband, and to a nephew of deceased who had incurred expenses on account of the last illness and burial of deceased, discharged the company from further liability when the company made the payment in strict accordance with this provision of the policy, and acted in good faith in so doing.

APPEAL from circuit court of Alcorn county.

HON. C. P. LONG, Judge.

Suit by James Bates against the Metropolitan Life Insurance Company. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

*Boone & Worsham,* for appellant.

We contend that the insurance company had an absolute right under the contract in this case to investigate as to who was equitably entitled to the insurance, and so long as they acted in absolute good faith, their decision as to who was entitled to the money by reason of having incurred expenses for the insured was conclusive and binding on James Bates as well as all other parties.

The clause quoted in our brief at almost the beginning is referred to by the insurance people and in the books

as the facility of payment clause, and is a clause that is found in all the industrial insurance policies. The court below in referring to the case said: "It aint a question of how much he loved her or took on over her, this is a matter of a contract, gentlemen." This clause is a part and parcel of the contract, and the real purpose of industrial insurance is to take care of the burial expenses mainly, as well as other expenses that might be incurred immediately preceding death, providing this as an emergency fund.

In our search of the authorities bearing on this class of insurance, we have failed to find a single decision by our court with reference to the same, or in the least touching on this facility of payment clause, or a like clause. We will therefore have to look to the decisions of the courts of other states where this class of insurance is dealt with and is on a large scale.

The facility of payment clause in a policy of insurance contravenes no law, nor is there any question of public policy named in it. Such contract being valid, the court will enforce it as made and not attempt to decide the equities of the case as to whom should receive the money, but allow the insurance company under the contract to determine the equities and designate the beneficiary to receive the money. Under the contract the insurance company may exercise its discretion in making payment to the one equitably entitled thereto by reason of having incurred expenses on account or behalf of the insured. *Chance* v. *Insurance Co.,* 94 S. E. 239 (Ga.).

Where the policy reserves the right to the company, under the facility of payment clause, to pay to the ones named, then the contract will be treated as an appointment of the persons named in the clause, any of them being authorized to receive payment from the company, and it follows that the company may make payment of the policy to any one of the persons so appointed as it may elect. *Brooks* v. *Insurance Co.* (N. J.), 56 Atl. 168; 32 Atl. 1042, 63 N. E. 795.

It is held in the case of *Insurance Co.* v. *Schaffer* (N. J.), 11 Atl. 154, that there was no contract or agreement to pay to the beneficiary named in the application. The contract is to pay to the person or persons named in the facility of payment clause. Also holding that if the beneficiary named had a vested interest he held it in accordance with and subject to the conditions of the contract contained in the policy. Payment to the daughter to the exclusion of the husband who was named as beneficiary held good payment under this clause. See also the cases of *Slingerland* v. *Insurance Co.* (N. J.), 110 Atl. 913; *Caveny* v. *Healy,* 109 Atl. .204 (N. J.); L. R. A. 1918E. 489, 20 L. R. A. (N. S.) 228.

It is held that under the terms of the policy the administrator can recover only in the event the insurance company had not already paid the insurance to some person in pursuance of the facility of payment clause. *Thompson* v. *Ins. Co.* (N. Y.), 119 App. Div. 666; *Ruoff* v. *John Hancock Mut. Ins. Co.,* 83 N. Y. Supp. 758; *Cannavan* v. *Ins. Co.,* 81 N. Y. Supp. 304.

When the company in good faith elects to make such payment under the facility of payment clause, the payment will be a defense against the representative's subsequent claim. *Tarasowski* v. *Ins. Co.* (N. Y.) 184 N. Y. Supp. 264.

The court construed the facility of payment clause in an industrial policy as giving the insurance company the absolute discretion to pay the amount due under the policy to any one coming within the enumerated classes. *Huff* v. *Ins. Co.,* Court of Appeals of Ohio, 8th District, January Term, 1914; *Thomas* v. *Ins. Co.,* 24 Atl. (Penn.) 82.

It does not especially matter whether the person selected by the insurance company is in fact entitled to the money, it being sufficient that he appears to the company to be so. (Following the *Thomas case,* just above.). *Brennan* v. *Ins. Co.,* 32 Atl. 1042 (Penn.). *Held* that the payment under the facility of payment clause is valid. *Providence Co. Sav. Bank* v. *Vadnais* (R. I.), 26 R. O. 122, 58 Atl. 454.

The policy in the case at bar was executed and delivered in Tennessee, and is a Tennessee policy or contract; and the court of civil appeals, October 23, 1909, in the case of *Vanders* v. *Ins. Co.,* not officially reported held that the insurance company may at its option determine who is equitably entitled to the proceeds of an industrial policy and its determination is by the contract itself conclusive against all others mentioned by name or as a class in the policy.

While such a clause may not have the effect to make the person actually receiving the money from the insurance company the actual or real beneficiary, yet the payment under the clause will discharge the company from liability, and is valid. It is an appointment, by the parties to the contract, of a person who may collect the amount due, under the policy for the benefit of the persons ultimately entitled thereto. *Ogeltree* v. *Hutchinson* (Ga.), 55 S. E. 179.

While the clause in the policy probably does not give any of the persons named a vested interest in the insurance, yet payment under the clause is a complete defense to an action brought by an administrator. *Ins. Co.* v. *O'Farrell,* 64 Kans. 378; *Breeden* v. *Ins. Co.* (Ky.) 146 S. W. 1104; *Fitzgerald* v. *Ins. Co.* (Md.), 105 Atl. 775. In this *Fitzgerald case,* it was held that the beneficiary named did not have any vested right.

The courts generally seem to hold that while the persons named in the classes referred to have no vested rights, and cannot maintain suits for the insurance money against the administrator or executor, yet if the insurance company in good faith elects to pay the insurance to one named in these classes and who has made it appear to the company that he is entitled equitably to the insurance money by reason of having incurred expenses for the insured, then the payment is valid and full protection to the insurance company.

In the case at bar the insurance company made inquiry as to who had paid the expenses of Kate Walker's

burial, and other expenses for her; and it is not ques-
tioned that Henry Dilworth did incur considerable ex-
penses, though he may not have incurred expenses to the
amount of the insurance collected; and it is also admitted
that the payment to Henry Dilworth and Arthur Cook
was made in absolute good faith, and on the representa-
tions by them to the company that they had incurred ex-
penses.

In the trial of the case, Henry showed he paid premiums
and burial expenses, and claimed the insurance policy on
account thereof. It was also shown the policy was lost,
and as a matter of fact it has never been found, and was
not introduced by the plaintiff on the trial of the case in
the court below. As stated before herein, the good faith of
the insurance company was and is not questioned, and we
respectfully submit that under the authorities we have
cited, good faith in the payment by the insurance company
is the real question that controls.

We confidently assert that the appellee will not be able
to refer this court to a single case, where absolute good
faith is admitted, where the court has held that the facility
of payment clause in this class of insurance was not valid.
Furthermore, as a practical question, we say that this
clause is not a hard clause in the contract, but is just as
much for the good of the insured as the company; and we
do not believe that the appellee will find a decision any-
where that holds to the contrary.

Under the unbroken line of authorities upholding this
facility of payment clause in industrial insurance policies,
we think the case should be reversed and dismissed by this
court.

*Ely B. Mitchel,* for appellee.

While in some early cases it was said that the insurance
policy should be very liberally construed to effect the in-
tention of the parties, in accordance with the general rule
that in case of doubt a contract will be construed most

strongly against the party who framed it, it may be said to be the primary rule that such contracts are to be most strongly construed against the insurer and in favor of the insured. 14 R. C. L. page 926.

It is not denied that James Bates paid the premiums on the policy of Kate Walker for six years while she lived with him in Memphis, Tennessee, and that he gave her twenty dollars when she left to pay the premiums on the policy. A beneficiary under a benefit certificate who has paid the assessments or dues on it till the beneficiary is changed, is entitled to be reimbursed out of the benefits." *Grand Lodge A. O. U. W., of Mo.* v. *O'Malley,* 89 S. W. 68, 114 Mo. App. 191.

"On an accident policy the principal sum and actual indemnity during total disability are both payable to the beneficiary after the death of the insured from the accident after a period of total disability." *North American Accident Ins. Co.* v. *Miller* (Tex. Civ. App.), 193 S. W. 750.

"So, too, a provision that the insured may make any payment provided for in this policy to any relative by blood or connection by marriage of the insured or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial or for any other purpose" is valid, but settlement made thereunder will be closely scrutinized by the courts." *Sheridan* v. *Prudential Ins. Co. of America,* 128 Ill. App. 519.

"The payment under this clause may be made to a non-relative who has kept up the insurance for several years to clothe and educate him and to receive his services until he becomes of age and who has paid the premiums and insured funeral expenses. *Thompson* v. *Prudential Ins. Co.,* 199 App. Div. 166, 104 N. Y. Supp. 257.

In the case of *Marzulli* v. *Metropolitan Life Insurance Company,* the one who had paid the funeral expenses was not thereby entitled to sue on the policy. See *Marzulli* v. *Met. Life Ins. Co.,* 78 N. J. Law 271; *Fortelli* v. *Prudential Ins. Co. of Am.* 49 Misc. Rep. 489, 79 N. Y. Supp. 1007.

"Where a person who was designated as beneficiary by the member but who is ineligible to take as such, has paid dues and assessments to keep the certificate alive, he is entitled to reimbursement therefor out of the proceeds of the certificate. And the original beneficiary is entitled to reimbursement for dues and assessments paid by him where a new beneficiary is subsequently substituted in his place. However, a stranger who pays a member's dues and assessments is entitled to reimbursement." 29 Cyc., page 163; *Gibson* v. *Ky. Granger Ins. Benefit Society,* 8 Ky. Rep. 520; *Tepper* v. *Supreme Council R. A.,* 59 N. J. Eq. 321; *Foddel* v. *Miller,* 193 Pa. St. 570.

The policy in this case contains an incontestable clause. Such a provision in a life insurance policy is not contrary to any expressed provision of law, nor contrary to the policy of expressed law though especially prohibited nor otherwise contrary to good morals.

It is to be presumed that the insurance company had some purpose in view when it offered to the insured, a policy containing the incontestable clause, and that the stipulation itself had some meaning. It was not inserted as a mere matter of form. It was an inducement for the insured to take out the insurance. It guaranteed her that her policy should not be contested after the expiration of two years except for fraud or misstatement of age. It carries out the assurance, if she paid the premiums and died after two years from the date it issued, the beneficiary selected by her and for whom she attempted to provide would not be met with a contest and lawsuit to determine whether the insurance ever had any validity or force. The stipulation is broad in its terms.

"Such a provision in a life insurance police is neither unreasonable or contrary to public policy." 14 R. C. L. 1199; *Mutual Life Insurance Co.* v. *Buford* (Okla.), 160 Pac. 928; *Clement* v. *New York Life Ins. Co.,* 101 Tenn. 22; *Thompson* v. *Fidelity Life Ins. Co.,* 116 Tenn. 557; *Metropolitan Life Insurance Co.* v. *Willie B. Keeler,* 6 A. L. R. 441.

The provision in this case is very broad in its terms. There is only one condition upon which the validity of the policy can be questioned, after the lapse of a year, and that is the nonpayment of premiums. The meaning of the provision is, that if the premiums are paid, the liability shall be absolute under the policy, and no question shall be made of its original validity.

No reasonable construction can be placed upon such provision other than that the company reserves to itself the right to ascertain all the facts and matter material to its risk and the validity of their contract for one year, and if, within that time, it does not ascertain all the facts, and does not cancel and rescind the contract, it may not do so afterward upon any grounds then in existence." *Clement* v. *Ins. Co.,* 110 Tenn. 27.

In the case at bar, the appellant held out to Kate Walker that if she took out this policy and kept the premiums paid for two full years it was incontestable except for fraud or misstatement of age. This insurance company knew that James Bates had paid the premiums on this policy for six years. The agent of the company had collected the premiums from Bates for this period of time. The premiums paid on this policy were paid at a great sacrifice and now he is met by the insurance company in a lawsuit to prevent the beneficiary receiving the benefits under this policy.

The insurance company comes into court and says they had a right to pay this insurance to Henry Dilworth and Arthur Cook because they were equitably entitled to the funds. In other words the insurance company say that Henry Dilworth and Arthur Cook appeared to them equitably entitled to the benefits because Henry Dilworth paid the burial expenses and Arthur Cook was the husband of the insured.

The insurance company held out to James Bates while he was paying the premiums on this particular policy that he would receive the fruits thereof. After he has paid the premiums for six long years and paid the company more

money than he is asking back, the company says to him that he does not appear equitably entitled to the same. This insurance company should not be permitted to perpetrate such a fraud on a poor ignorant negro. The court in granting the peremptory instruction so thought and I believe that this court will take the same view of this case.

COOK, J., delivered the opinion of the court.

This was a suit by the appellee, James Bates, for one hundred eleven dollars and thirty cents on what is termed an industrial insurance policy which had been issued by the appellant on the life of Kate Walker, a sister of appellee. At the conclusion of the testimony the court below instructed the jury to return a verdict for plaintiff for the sum of sixty-one dollars, and from the judgment entered for this sum the defendant insurance company prosecuted this appeal.

The policy sued on was issued at Memphis, Tenn., on March 4, 1912, and appellee was named as the beneficiary. At that time, and for about six years thereafter, the insured lived with appellee, and during that time he paid the premiums on the policy. The insured then moved to Iuka, Miss., and there she married one Arthur Cook. After the insured moved to Iuka she lived about three years, and at her death all her funeral expenses were paid by Henry Dilworth, her nephew by marriage. Thereafter Henry Dilworth made up a statement of the expenses incurred on account of the last illness and death of the insured, and furnished this statement, with proof of her death, to the insurance company. The proof of death as prepared and sworn to by Henry Dilworth showed that Arthur Cook was the husband of the insured; that the premiums on the policy had been paid by Henry Dilworth, and that he claimed the proceeds of the policy on account of expenses incurred for and on account of the last illness and burial of deceased. The defendant company thereupon paid the full proceeds of the policy to the said Henry Dilworth and Arthur Cook, and at the trial of this cause it offered in evidence the proofs of death, a canceled check for one hundred

eleven dollars and thirty cents bearing the indorsement of the said Henry Dilworth and Arthur Cook, and also a receipt and full release signed by them.

The policy contract sued upon provided that the amount of the policy would be paid to the insured as an endowment when she reached the age of seventy-nine years, and also provided that, in case of the death of the insured prior to the date of the maturity of the endowment, the full amount of the policy would be paid upon receipt of proper proofs of death and the surrender of the policy and all receipt books; the policy further providing that:

"In case of such prior death of the insured the company may pay the amount due under this policy to either the beneficiary named below or to the executor or administrator, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial; and the production of a receipt signed by either of said persons shall be conclusive evidence that all claims under this policy have been satisfied."

The decision of the question presented by this appeal depends upon the proper construction of the clause of the policy quoted above, which is called the "facility of payment clause." We have found no decision of the court touching on this facility of payment clause, or any like clause, and, so far as we have been able to learn, this court has not heretofore had occasion to consider any feature of the so-called industrial insurance, but the courts of many other states have had under consideration the same or similar clauses, and have clearly stated the distinction between industrial insurance and ordinary life insurance.

In the case of *Metropolitan Life Ins. Co.* v. *Nelson,* 170 Ky. 674, 186 S. W. 520, L. R. A. 1916F, 457, Ann. Cas. 1918B, 1182, it was held that—"Public policy does not require the beneficiaries of industrial insurance policies to be limited to persons having an insurable interest in the

life of insured, and therefore a clause permitting payment
to a blood relative or person who has incurred expense on
behalf of the insured, or for his burial, will justify a pay-
ment to an aunt of insured, who cared for him during his
last illness."

In that case the Kentucky court had under consideration
a policy issued by this appellant on the same day that the
policy involved in the present case was issued, and which
contained the identical clause here involved, and in dis-
cussing the purpose of this character of insurance the
court said:

"The purpose of this character of insurance seems to have
for its object, not the creation of a fund to provide for the
future support and maintenance of the family or near
relatives of the insured, having an insurable interest in
his life, or to augment his estate, as ordinary life in-
surance does, but to provide a reasonable fund with which
the insured may procure in his last sickness, which, in
many cases, may be lingering in character, needed aid and
assistance by way of nursing and medical attention, etc.,
and to secure respectable and decent burial. When lim-
ited in amount to a reasonable provision for these purposes,
the plan, as we view it, is to be commended rather than
discouraged. It is the impecunious only who would need
such a fund for such purposes, and such expenses, if not
thus provided, would doubtless have to be furnished through
the instrumentality of some charity maintained either by
public or private donations. It would seem, then, that
when this character of insurance is limited strictly with-
in the confines of the purposes stated, to permit it to be
issued and paid as provided by the clause *supra* would
foster rather than impair the public policy of the state."

In *State Metropolitan L. Ins. Co., Prosecutor* v. *Schaf-
fer*, 50 N. J. Law, 72, 11 Atl. 154, the court had under
consideration a clause similar to the one involved in the
present case, and it was there held that the interest of
the beneficiary named was subject to the conditions of the
contract contained in the policy, and that this facility of

payment clause operated as an appointment, both by the assured and the beneficiary, of persons, any of whom are authorized to receive payment of the sum agreed to be paid, and that a payment by the company in strict accordance with this condition would operate as a discharge from further liability, and in discussing the object and purpose of this class of insurance the court said:

"The purpose and object of this kind of insurance seem to require the payment to be made in that way, and it should, in good policy, be upheld. Unlike the ordinary life insurance, small sums are provided by these industrial policies, to be paid at once, on proof of death and surrender of policy. . . . The terms and manner of the insurance contemplate speedy payment to the family of the assured, immediately after his death, to provide a burial fund, or to meet the expenses which, in such an emergency, must be incurred."

See, also, *Bradley* v. *Prudential Ins. Co.*, 187 Mass. 226, 72 N. E. 989; *Thomas* v. *Prudential Ins. Co.*, 148 Pa. 594, 24 Atl. 82; *Brennan* v. *Prudential Ins. Co.*, 170 Pa. 488, 32 Atl. 1042; *Sheridan* v. *Prudential Ins. Co.*, 128 Ill. App. 519, affirmed in 230 Ill. 33, 82 N. E. 426; *Slingerland* v. *Prudential Ins. Co.*, 94 N. J. Law, 532, 110 Atl. 913; *Brooks* v. *Metropolitan L. Ins. Co.*, 70 N. J. Law, 36, 56 Atl. 168; *Chance* v. *Insurance Co.*, 147 Ga. 396, 94 S. E. 239; *Ogeltree* v. *Hutchinson*, 126 Ga. 454, 55 S. E. 179; *Fitzgerald* v. *Baltimore Life Ins. Co.*, 118 Md. 619, 105 Atl. 775; *Providence County Savings Bank* v. *Vadnais*, 26 R. I. 122, 58 Atl. 454; *Thomas* v. *Prudential Ins. Co.*, 158 Ind. 463, 63 N. E. 795.

The contract between the company and the assured is valid, and its conditions and stipulations must govern. In the policy sued on there is no contract to pay only to the beneficiary named, but the contract expressly provides that payment may be made to any one of several persons or classes of persons, including the beneficiary named, any one of whom is expressly authorized to receive and receipt for the payment. The facility of payment clause in the

policy expressly vests in the insurance company the right to exercise its discretion in making payment to any one coming within the enumerated classes, including any person appearing to the company to be equitably entitled to it by reason of having incurred expense on behalf of insured, or for her burial. There is nothing in this record to cast the slightest doubt on the good faith of the company in electing to pay the sum agreed upon to the husband, and the nephew of insured who had incurred expense on account of her last illness and burial, and, this being true, we think, under the terms of the contract, the company was thereby discharged from further liability on the policy.

The judgment of the court below will therefore be reversed, and the cause dismissed.

*Reversed and dismissed.*