**UNITED STATES of America, Robert H. Busch and Mrs. Marguerite Busch, Plaintiffs-Appellees,**

v.

**UNITED SERVICES AUTOMOBILE AS-SOCIATION, Defendant-Appellant.**

**No. 29031.**

United States Court of Appeals, Fifth Circuit.

July 9, 1970.

1. *See* Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

2. 418 F.2d 1120 (D.C.Cir. 1969).

3. *Id.* at 1122.

4. United States v. Ewell, 383 U.S. 116, 122, 86 S.Ct. 773, 15 L.Ed.2d 627 (1965).

Robert B. Thornton, Hobart Huson, Jr., San Antonio, Tex., for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., Richard Tinsman, Tinsman & Cunningham, Anthony Nicholas, Nicholas & Barrera, San Antonio, Tex., Robert V. Zener, Dept. of Justice, William D. Appler, Washington, D. C., for plaintiffs-appellees.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM.

The minor son of an Air Force officer was struck by an automobile and received treatment for his injuries at government expense, which is provided for by 10 U.S.C.A. § 1076. The officer and the United States brought suit on the medical payment provision of the officer's automobile insurance policy, issued by United Services Automobile Association.

At the time of the injury Major Busch had outstanding protection under an automobile liability insurance policy, whereunder in Part II, entitled "Expenses for Medical Services," there was contained the following language:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical,

surgical, X-ray and dental services * * * Division 1: to or for the named insured and each relative who sustains bodily injury, * * * (c) through being struck by an automobile or trailer of any type."

In addition, Part II provided that "the limit of liability for medical payments stated in the declaration as applicable to 'each person' is the limit of the company's liability for all expenses incurred by or on behalf of each person who sustains bodily injury as a result of any one accident."

Further, in the portion of the policy entitled "Conditions," the policy provided that "the Company may pay the injured person or any person or organization rendering the services and such payments shall reduce the amount payable hereunder for such injury."

The Company having refused to pay the United States for its outlay of $2223.75, plus penalty and reasonable attorneys' fees, as provided for by Texas statute, the government sued, and both parties having moved for summary judgment, the trial court entered summary judgment for the United States, based solely upon its construction of the policy involved.

We conclude that the United States was clearly a third-party beneficiary of the policy issued to the member of the military services for whom the government was required by law to furnish medical service in case of such an accident. We conclude, therefore, that the trial court properly entered summary judgment in favor of the United States.

With respect to the allowance by the trial court of an attorney's fee of $750, we conclude that the trial court had the authority to do this without having a trial as to the amount due for attorneys' fees and without further testimony as to the reasonableness of the fee. The defendant insurance company did not bring to the district court's attention its objection to the fee being computed without hearing evidence. It should not be heard to raise this point now. Moreover we agree with the trial court that it had the power to assess the 12% penalty provided by Article 3.62 of the Texas Insurance Code. We conclude that a person who has a right to sue under the policy, and does so successfully, is a "holder" of the policy within the terms of the Texas statute. See Republic National Life Insurance Company v. Spillars, Tex.Civ.App., 363 S.W.2d 373 (Reversed on other grounds). See also United States for Use and Benefit of Magnolia Petroleum Company v. H. R. Henderson & Co., W.D.Ark., 126 F.Supp. 626.

The judgment is affirmed.