**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**
**Defendant–Appellant.**

Nos. 90–1535, 90–1969.

United States Court of Appeals,
Fifth Circuit.

July 22, 1991.

Reilly Morse, Compton, Crowell & Hewitt, Biloxi, Miss., for defendant-appellant.

Crockett Lindsey, Asst. U.S. Atty., U.S. Dept. of Justice, Biloxi, Miss., for plaintiff-appellee.

Before REAVLEY, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

The United States sued State Farm in federal district court for its costs of medical services provided to members of the United States Armed Services insured by State Farm. By summary judgment, the district court held that the government can recover under Mississippi law as a third party beneficiary of the policies. 717 F.Supp. 1207 (1989). State Farm appeals, contending that *United States v. Standard Oil Co.*, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947), requires application of federal law. Alternatively, State Farm argues that if state law does apply, the United States is not a third party beneficiary because the language of the insurance contracts does not plainly evidence an intent to benefit providers of health services. We reject these arguments and affirm.

## I.

State Farm issued to various armed service members standard boating and automobile accident insurance policies with medical coverage of "reasonable medical expenses, for bodily injury caused by accident, for services furnished within one year of the date of the accident." It is undisputed that the insureds were each entitled to recover under State Farm's policies all medical and hospital expenses that they in fact incurred. The dispute is over medical and hospital expenses furnished the insured military member pursuant to 10 U.S.C. §§ 1074, 1076, obligating the United States to treat the service members free of any personal expense at a government medical institution in Mississippi. It later brought twenty-four identical civil actions against State Farm, seeking reimbursement for the value of the medical services provided. These claims against State Farm were consolidated into one civil action. On cross motions for summary judgment, the district court, applying Mississippi law, held that the government was entitled to payment as a third party beneficiary of the insurance contracts and entered judgment

against State Farm in the amount of $15,-021.15. State Farm appeals.[1]

## II.

State Farm acknowledges that decisions of this court have permitted the United States to recover its medical expenses as a third party beneficiary under state law but urges that we reject these decisions, emphasizing that none of these cases accounted for *United States v. Standard Oil Co.*, 332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067 (1947).

## A.

In *Standard Oil* a member of the United States Army was injured in an accident caused by the negligent operation of a commercial truck. The government furnished the soldier's hospitalization and continued his pay while he recovered, suing the owner and driver of the truck for its losses. The government could not assert any claim of the soldier because he had released the defendants from liability. The government cast its claim as a tortious interference with the sovereign-soldier relationship, inviting the federal courts to don their common law hat and create a new substantive basis of liability. The Supreme Court declined.

First, the Court acknowledged the uniquely federal nature of the government's relationship to armed service members.

> Perhaps no relation between the Government and a citizen is more distinctively federal in character than that between it and members of its armed forces. To whatever extent state law may apply to govern the relations between soldiers or others in the armed services and persons outside them or nonfederal government agencies, the scope, nature, legal incidents and consequences of the relation between persons in service and the Government are fundamentally derived from federal sources and governed by federal authority. So also we think are

*Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1286 (5th Cir.1990).

---

1. Our review on appeal from the district court's summary judgment award is *de novo*. *See*

interferences with that relationship such as the facts of this case involve. For, as the Federal Government has the exclusive power to establish and define the relationship by virtue of its military and other powers, equally clearly it has power in execution of the same functions to protect the relation once formed from harms inflicted by others.

*Standard Oil,* 332 U.S. at 305, 67 S.Ct. at 1607. Matters so essentially federal in character, the Court observed, fall within one of the few remaining enclaves of federal common law power left untouched by *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where Congress has not acted affirmatively the federal courts retain the power to "fashion the governing rule of law according to their own standards." *Standard Oil,* 332 U.S. at 305, 67 S.Ct. at 1607 (citing *Clearfield Trust Co. v. United States,* 318 U.S. 363, 366–67, 63 S.Ct. 573, 574–75, 87 L.Ed. 838 (1943)). The court noted that in exercising this common law power federal courts have occasionally incorporated state law as the applicable rule of decision but then explained why in this instance adopting state law would be singularly inappropriate.

> [W]e nevertheless are of the opinion that state law should not be selected as the federal rule for governing the matter in issue. Not only is the government-soldier relation distinctively and exclusively a creation of federal law, but we know of no good reason why the Government's right to be indemnified in these circumstances, or the lack of such right, should vary in accordance with the different rulings of the different states, simply because the soldier marches or today perhaps as often flies across state lines. Furthermore, the liability sought is not essential or even relevant to protection of the state's citizens against tortious harms, nor indeed for the soldier's personal indemnity or security, except in the remotest sense, since his personal rights against the wrongdoer may be fully protected without reference to any indemnity for the Government's loss. It is rather a liability the principal, if not the only,

effect of which would be to make whole the federal treasury for financial losses sustained, flowing from injuries inflicted and the Government's obligations to the soldier. The question, therefore, is chiefly one of federal fiscal policy, not of special or particular concern to the states or their citizens. And because those matters ordinarily are appropriate for uniform national treatment rather than diversified local disposition, as well where Congress has not acted affirmatively as where it has, they are more fittingly determinable by independent federal judicial decision than by reference to varying state policies.

*Standard Oil,* 332 U.S. at 311, 67 S.Ct. at 1610.

Finally, the Court held that Congress, not the judiciary, has the responsibility of creating any new legal basis on which the government is entitled to recover.

> Congress, not this Court or the other federal courts, is the custodian of the national purse. By the same token it is the primary and most often the exclusive arbiter of federal fiscal affairs. And these comprehend ... securing the treasury against financial losses however inflicted, including requiring reimbursement for injuries creating them, as well as filling the treasury itself. ...
>
> In view of these considerations, exercise of judicial power to establish the new liability ... would be intruding within a field properly within Congress' control and as to a matter concerning which it has seen fit to take no action.

In the absence of congressional action, the Court concluded it should "withhold creative touch." *Id.* at 317, 67 S.Ct. at 1612.

### B.

State Farm argues that here no less than in *Standard Oil* the government is seeking the creation of a common-law right of recovery to replenish its fiscal accounts for losses sustained vis-a-vis its relationship to members of its armed services. State Farm further contends that the distinctively federal nature of this matter, and the obvious connection it has to federal fiscal policy, places this case under the binding

authority of *Standard Oil*, which counsels judicial restraint in the face of congressional inaction.

■ State Farm points out that Congress legislatively authorized the government to recover its costs of medical care to military dependents from third-party insurers, regardless of any contract provision excluding or limiting charges for medical care rendered at a government facility. *See* 10 U.S.C. § 1095. That Congress has acted, State Farm contends, vindicates its position that this matter is uniquely federal and should be left to the exclusive control of Congress. The government maintains, however, and we agree, that the statute only provides an additional avenue of recovery. It is not fairly read as an overarching congressional expression of intent to preclude the government from enforcing its contractual rights as a beneficiary of a privately-made agreement between an insurer and a service member.

The government does not, as in *Standard Oil*, seek to recover for injury to its relationship with its military members. It proceeds as medical care provider to recover under the terms of the individual insurance contracts and by force of state law. The judiciary is not being asked to intrude into the relationship of soldier and country. Nor is the court being asked to allow states to do so. Nothing here is demanding of a uniform federal response. Rather, the government is simply enforcing rights accruing to it by force of state law. Like many other circuits, we have recognized the government's right to pursue such claims. *See United States v. Automobile Club Ins. Co.*, 522 F.2d 1, 3 (5th Cir.1975); *United States v. Government Emp. Ins. Co.*, 461 F.2d 58, 60 (4th Cir.1972); *United States v. State Farm Mut. Auto Ins. Co.*, 455 F.2d 789, 792 (10th Cir.1972); *United States v. Government Emp. Ins. Co.*, 440 F.2d 1338, 1339 (5th Cir.1971); *United States v. United Services Auto. Ass'n*, 431 F.2d 735, 737 (5th Cir.), *cert. denied*, 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971).

In *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Barnett*, 445 F.2d 573 (5th Cir.1971), we held that *Standard Oil* "precluded our making a decision" whether, under the Tex-as Workers' Compensation Law, the government could recover from a veteran's employer the expense of medical treatment furnished at a Veterans Administration hospital. A regulation of the Veterans Administration permitted recovery by the United States provided an assignment from the injured veteran had been obtained, but the government had no assignment. The government then asserted an independent right of recovery against the employer's workers' compensation carrier. We applied the *Standard Oil* principle and held that federal law, to the exclusion of state law, controlled the government's claim. *Barnett* disavowed the relationship between its holding and our previous authority in *Government Employees Insurance Co.*, 440 F.2d at 1339, and in *United Services Automobile Ass'n*, 431 F.2d at 737, which upheld the state law remedy for the government that we continue to recognize in our opinion today. *Barnett*, 445 F.2d at 576.

■ In short, federal law does not displace the rights and liabilities that may have been created by the insurance contracts under state law. *See United States v. Bender Welding & Mach. Co.*, 558 F.2d 761, 765 (5th Cir.1977) (holding that notwithstanding *Standard Oil*, government was entitled by subrogation to be reimbursed for medical expenses incurred on behalf of veterans who had assigned their compensation claims against employer to United States; noting with approval, but not addressing, government's third party beneficiary claims). Therefore, if the government is a third party beneficiary of the insurance policies under state law, the government is entitled to summary judgment.

### III.

■ Under Mississippi law, in order for a stranger to a contract to sue to enforce its term, "the contract between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties." *Burns v. Washington Savings*, 171 So.2d 322, 325 (Miss.1965). The third party need not be expressly identified in the contract; it is

enough that the beneficiary is a member of a class intended to be benefited. *See Yazoo & M.V.R.R. Co. v. Sideboard,* 133 So. 669, 671 (1931). At the same time, the right of the third party beneficiary to maintain an action on the contract must "spring" from the terms of the contract itself. *See Mississippi High School Activities Ass'n v. Farris,* 501 So.2d 393, 396 (Miss.1987).

■ The State Farm policies at issue here contained the following emphasized provisions:

> Persons *for Whom* Medical Expenses are Payable.
>
> We will pay medical expenses for bodily injury sustained by:
>
> 1.  a. The first person named in the declarations;
>
>   b. his or her spouse; and
>
>   c. her relatives.
>
> Payment of Medical Expenses.
>
> *We may pay* the injured person or *any person or organization performing the services.*

We have read similar policy language to support third party claims by medical care providers. *See Automobile Club Ins. Co.,* 522 F.2d at 3 (upholding government's right to recover for medical treatment rendered to insured service member); *United Servs. Auto. Ass'n,* 431 F.2d at 737 (same). The insurance policies involved in those cases obligated the insurer to pay all reasonable medical expenses incurred "to or for" the insured and provided that "[t]he company *may pay* the injured person or any person or organization rendering the services...."

State Farm urges that it is obligated only for medical expenses actually incurred *by the insured.* No such limitation is imposed by the terms of the policies. State Farm is obligated to pay the costs of reasonable medical services, whether such costs were borne personally by the insured or, as here, directly by the medical care provider. We also cannot accept State Farm's contention that the policies' facility of payment clause—which provides, "We may pay the injured person or any person or organization performing the service"—makes the government an optional payee or incidental beneficiary. The Mississippi courts have interpreted such clauses to vest in the insurance company the right to exercise its discretion in making payment of the proceeds of the policy. *See Metropolitan Life Insurance Co. v. Bates,* 130 Miss. 399, 94 So. 216, 218 (1922). The courts have also stated, however, that in exercising its payment option "the insurer must act in good faith and use sound judgment under the circumstances." *Overstreet v. Allstate Insurance Co.,* 474 So.2d 572, 575 (Miss.1985) (quoting *Brown v. Metropolitan Life Insurance Co.,* 55 So.2d 415, 420 (1951)).

State Farm was duty-bound under Mississippi law by the policies' terms to reimburse the full costs of medical expenses reasonably incurred in treating the insureds. This duty was not mitigated by the fact that the insureds experienced no out-of-pocket loss, nor was it, in substance, affected by State Farm's option in appropriate cases to pay either the insured or the medical care provider. These policies envision direct reimbursement to medical care providers when, as in these cases, medical services are rendered without personal expense to the insured. We therefore conclude that the government was entitled to judgment as a matter of law.

## IV.

The grant of summary judgment in favor of the government is AFFIRMED.