DANIEL H. BRADLEY, administrator, *vs.* PRUDENTIAL
INSURANCE COMPANY OF AMERICA.

Suffolk.    November 16, 1904. — January 5, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Insurance, Life.*

A married woman, after taking out a policy of life insurance for $500 on her own life, separated from her husband, and thereafter went through a form of marriage with one M. with whom she lived until her death, being known as his wife. M. paid weekly premiums on the policy, partly with money supplied by the insured and partly with his own money. After the death of the insured he paid her funeral expenses amounting to $158, and delivered to the company the usual proofs of death. The policy contained a provision, that the company might pay the sum insured "to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose." The company in good faith paid to M. the amount insured by the policy. In an action on the policy by the administrator of the estate of the insured, it was *held*, that the payment to M. discharged the obligation of the defendant under the policy and was a good defence to the action, and that it did not matter whether M. was equitably entitled to the payment if he appeared to the defendant to be equitably entitled to it within the stipulation of the policy.

CONTRACT on a policy for $500 issued by the defendant upon the life of Mary Sawyer, the plaintiff's intestate. Writ dated March 18, 1903.

The case was submitted to a judge of the Superior Court upon an agreed statement of facts, the substance of which appears in the opinion. The judge found and ordered judgment for the defendant; and the plaintiff appealed.

*J. F. Lynch & D. H. Bradley,* for the plaintiff.

*C. T. Cottrell,* for the defendant.

BARKER, J.    This action upon an insurance policy of the kind commonly known as industrial insurance after having been decided in favor of the defendant upon a hearing upon a statement of agreed facts is here upon the plaintiff's appeal.

The policy was on the life of one Mary Sawyer and was issued upon her own application in the year 1896.    She was then the wife of one Henry C. Sawyer and continued to be his wife until the time of her death on September 25, 1902.    After taking out the policy she and her husband separated and lived apart. After the separation she and one Murphy went through the form of marriage and lived together as husband and wife until the time of her death, she being known as Mary Sawyer Murphy. The weekly premiums on the policy were paid partly by her and partly by Murphy with money received from her and partly by Murphy with his own money.    The amount of premiums paid by him is unknown.    After her death he paid her funeral expenses amounting to $158.    He made and delivered to the company the usual proofs of death during the first part of October, 1902, and on or about October 14, 1902, the full amount due on the policy $507.50 was paid to him by the company.    He had paid the funeral expenses before he received that payment, and that fact was known to the company when it made the payment to him.    The proofs of death stated that he was the husband of the deceased.    The company claims that the payment to him was made under the clause of the policy entitled " Article Second " and believed that he was the person who best fulfilled the requirements of that article inasmuch as he had paid a part of the premiums and had incurred and paid the expense of the burial of the insured, his alleged wife.    It is further agreed that all the acts of the company were in good faith, and that the only question for the consideration of the court is whether or not the payment to Murphy is a defence to this suit.    After that payment the rightful husband of the insured demanded payment of the amount of the policy from the company, and the demand being refused the plaintiff was appointed administrator of the estate of the insured and brought this suit.    It is agreed that if the payment to Murphy is a full and complete bar to the plain-

tiff's claim judgment is to be entered for the defendant; if that payment is not a legal defence, it is agreed that the plaintiff shall have judgment for $507.50 and interest from October 14, 1902.

The promise made by the company in its policy is to pay a certain sum to the executors, administrators or assigns of the insured " unless settlement shall be made under the provisions of article second hereinafter contained." If then such settlement has been made the contract has been performed according to its tenor, and the plaintiff cannot recover, because there has been no breach. The article is as follows: " Second. The company may pay the sum of money insured hereby, to any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them, shall be conclusive evidence that such sum has been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

A receipt of Murphy for the sum of $507.50 from the company reciting that the payment is in full for all claims against the company under the policy is part of the statement of agreed facts.

We think that the claim of Murphy made in the proof of death, and the payment made by the company claiming to act in so doing under the provisions of the article quoted, it being agreed that all the acts of the company were done in good faith, was a complete performance by it of its contract of insurance. Under the circumstances as they are disclosed in the statement of agreed facts there is no promise to pay to the plaintiff, and the payment stipulated for has been made in accordance with the terms of the policy. The plaintiff contends that Murphy was not equitably entitled to the payment. But the stipulation is not as to payment to one in fact equitably entitled to payment, but is as to payment to any person appearing to the company to be equitably entitled to the same. Such stipulations are common in industrial policies, the amounts of which always

are small, and one purpose of them is to enable the amount of the policy to be paid very speedily after the death of the insured, without the delay or expense of taking out administration, and another purpose is to remove the chance of litigation between claimants. The insurance being taken out by the person whose life is insured and the person to whom the policy is paid under the provisions of such articles being either a relative or in the position of a creditor, we see no ground for holding such an article void as against public policy. In effect the article gives the company power, acting in good faith, to discharge its debt and perform its contract by making payment to any person who is a relative by blood or marriage of the insured or who has incurred expense for the insured. See *Thomas* v. *Prudential Ins. Co. of America*, 148 Penn. St. 594 ; *Metropolitan Ins. Co.* v. *Schaffer*, 21 Vroom, 72. In *Shea* v. *United States Industrial Ins. Co.* 23 App. D. (N. Y.) 53, the company in making payment under a similar article acted in bad faith, with the purpose of cheating the person who had paid the premiums, and to whom it had promised to make payment under the article.

*Judgment for the defendant affirmed.*