**PRUDENTIAL INS. CO. v. HOWELL, Adm'r.**

No. 18710.   Opinion Filed Dec. 10, 1929.

Rehearing Denied July 8, 1930.

Commissioners' Opinion, Division No. 2.

Potterf, Gray & Poindexter and Haff, Meservey, Michaels, Blackmar & Newkirk, for plaintiff in error.

Brown, Brown & Williams, for defendant in error.

JEFFREY, C. This is an appeal from a judgment of the district court of Carter county for $1,000.84, in favor of the plaintiff administrator and against the defendant insurance company. The cause was tried to a jury, but upon the close of the case, the court directed a verdict for plaintiff. The facts disclosed by the record are that on August 30, 1922, Addie L. Fraser obtained a divorce from Herbert Fraser in the district court of Carter county, Okla. On August 26, 1922, W. H. Miller obtained a divorce in the same court from Nora Miller. On September 14, 1922, in violation of section 510, C. O. S. 1921, Herbert Fraser and Nora Miller obtained a marriage license, and were married by a justice of a peace at Sapulpa, Okla. Herbert Fraser and Nora Fraser established a residence in Kansas City on or about May 1, 1923, where they continued to live as husband and wife until the death of Herbert on July 31, 1925. On November 4, 1924, Herbert Fraser made application to the de-

fendant insurance company for an industrial insurance policy on his life in the amount of $500. This policy was duly issued November 10, 1924. On December 15, 1924, he made application to the same company for an additional $500 industrial insurance policy. The latter policy was issued January 12, 1925. Upon the death of the insured, Nora Fraser presented the policies and made claim for the benefits. On September 4, 1925, the defendant paid Nora Fraser the full amount of the two policies, together with a balance of 84 cents, the amount of advanced, unearned premiums at the time of the death of the insured. The insured left surviving him his divorced wife, Addie L. Fraser, and several minor children at Ardmore, Okla. On October 20, 1925, plaintiff was appointed administrator of the estate of Herbert Fraser by the probate court of Carter county, Okla., and he began this action to recover on the two insurance policies. The defendant pleaded payment, and contends that the payment made to Nora Fraser was valid under what is called the "facility of payment" clause in the policy, and a complete acquittance to defendant.

At the close of all the testimony, defendant moved for a directed verdict in its favor, but this motion was overruled, and the ruling is here assigned as error. Under this assignment of error, the question of whether defendant has paid the policies, so as to discharge its liabilities thereunder is decisive of this appeal. The policies provide that upon receipt of due proof of death of the insured during the continuance of the policies, the company will pay the amount of insurance specified, to the executors or administrators of the insured, unless payment be made under the provisions of the "facility of payment" clause, which is also a part of the policy. It is under this clause that defendant claims to have made payment. That clause reads as follows:

"Facility of Payment.—It is understood and agreed that the said company may make any payment or grant any nonforfeiture provision provided for in this policy to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, for his or her burial, or (if the insured be more than 15 years of age at the date of this policy,) for any other purpose, and the production by the company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment, or grant of such provision to any or either of them, shall be conclusive evidence that such payment or provision has been made or granted to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

It does not appear that this court has ever had occasion to pass upon any question involving an industrial insurance policy or a provision of an insurance policy similar to the "facility of payment" clause contained in the policies involved here. From an examination of numerous authorities on the question, it seems that industrial insurance in a general sense means policies issued in small amounts in consideration of weekly payments as distinguished from ordinary insurance which is usually in large amounts and maintained by annual, semi-annual or quarterly premiums. The underlying principle of the industrial policy is to provide a means whereby the laboring and more unfortunate masses may be able to carry small amounts of insurance upon the payments of a small proportion of weekly wages or earnings to meet such exigencies as may and usually arise in case of death. The smallness of the amount and of the premium paid, together with the purposes for which it was designed, made it highly desirable that upon the death of the insured, payment be made promptly without expense in the form of litigation by claimants, proceedings for the appointment of a personal representative, and without unnecessary risk on the part of the insurer. In order to accomplish these results, the clause known as the "facility of payment" clause has been somewhat universally adopted. The clause has been uniformly approved as a valid contractual provision and not against public policy. And payments made thereunder to one of the class of persons mentioned therein, when made in good faith, have been held to constitute a full discharge of the insurer's liability on the policies. Thomas v. Prudential Insurance Co. of America, 148 Pa. 594, 24 Atl. 82; Brennan v. Prudential Ins. Co. of America, 170 Pa. 488, 32 Atl. 1042; Thomas v. Prudential Ins. Co. of America, 158 Ind. 463, 63 N. E. 795; Bradley v. Prudential Ins. Co. of America, 187 Mass. 226. 72 N. E. 989; Prudential Ins. Co. of America v Brock, 48 App. D. C. 4; Thompson v. Prudential Ins. Co. of America, 104 N. Y. S. 257; Slingerland v. Prudential Ins. Co. of America, 94 N. J. L. 532, 110 Atl. 913; Bishop v Prudential Ins. Co. of America, 217 Ill. App. 112; Wilson v. Metropolitan Life Ins. Co., 110 Kan. 232; Chance v Metropolitan Life Ins. Co., 147 Ga. 396, 94 S. E.

239; Renfro v. Metropolitan Life Ins. Co., 148 Mo. App. 258.

Does the evidence disclose that defendant complied with the terms of its contract with the insured in paying the amount of insurance to Nora Fraser? We assume without deciding that the continued cohabitation of Herbert Fraser and Nora Fraser, as husband and wife, after the expiration of the period within which either was prohibited from remarrying in this state, was not sufficient to ripen into a common-law marriage. The record discloses that they lived at the same address in Kansas City from on or about May 1, 1923, until the death of the insured, July 31, 1925; that Herbert Fraser introduced Nora as his wife, and she was so regarded by every one who knew them in that neighborhood. Nora testified that Herbert worked from the time they moved to Kansas City until September of that year as a switchman for a railway company, but from that time until his death he only worked about one month. She further testified that she began work in October of 1923, and worked until in June of 1925; and that from her earnings she paid the household expenses, all premiums on the insurance policies, doctor bills for her husband, cooked his meals, and performed all other duties required of a wife. Several representatives of defendant company testified that they knew that Nora Fraser paid the premiums on the two policies, believed that she was the lawful wife of the insured, did not know that he had a former wife or children, and decided that she was equitably entitled to the insurance as provided by the policies. In her claim for the insurance, she stated that she was to pay the funeral expenses; although such expenses were later paid from other sources. This evidence is not disputed by positive evidence, nor by circumstances worthy of note. Plaintiff's evidence did disclose that at the time Herbert Fraser left Ardmore, Okla., he was drawing monthly insurance payments from the United States government by reason of disability received while serving in the army during the World War. Addie L. Fraser also testified that he carried another policy with defendant company in the sum of $210; that this policy was secured before he left Ardmore; that she had always paid the premiums on this policy, and that the insurance thereon was paid to her upon the death of the insured. She also testified that Herbert Fraser carried an insurance policy with a railway trainmen's organization, and prior to his death collected about $1,600 or $1,800. This does not raise an issue of fact as to who paid the premiums on the insurance policies. The record discloses that Herbert Fraser did not work for more than a year prior to his death; that he drank excessively, and that Nora Fraser paid the premiums on the insurance policies and paid other expenses for him. The contract upon which defendant became liable upon the death of the insured provided that the defendant might make payment to any relative by blood or connection by marriage of the insured, or to any person appearing to said company to be equitably entitled to the insurance by reason of having incurred expenses on behalf of the insured for his burial or for any other purpose. Under the undisputed evidence in the case, Nora Fraser incurred expenses on behalf of the insured, and comes clearly in the class of persons enumerated in the clause. The only other question to be decided by defendant in making payment to her, was whether or not she appeared to defendant to be equitably entitled to the insurance. The contract does not require that one so paid be, in fact, equitably entitled to the money, but provides that payment may be made to any person appearing to the company to be equitably entitled to the insurance by reason of expenses incurred. This, no doubt, requires that the insurer act in good faith in exercising its option under the clause, and all of the authorities so held. Under the facts above outlined, the defendant was justified in its decision that Nora Fraser was equitably entitled to the proceeds of the insurance policies, nothing to the contrary appearing. Plaintiff contends that the issuance of the first policy to Herbert Fraser in Ardmore, and the continued payment of premiums by Addie L. Fraser, was sufficient notice to the defendant that insured had another wife and perhaps dependents who were more entitled to the insurance than Nora Fraser. With this we do not agree. The application for the first policy, which was made at Ardmore, stated that the applicant was born in 1879. The subsequent applications showed the date of his birth to be 1887.

In Bradley v. Prudential Ins. Co., supra, Mary Sawyer insured her life by an industrial policy containing the ordinary "facility of payment" clause. Thereafter, she and her husband separated, but did not obtain a divorce. She went through the form of a marriage ceremony with a man by the name of Murphy. Thereafter, she and Murphy lived together as husband and wife. The premiums of the insurance policy were partly paid by her and partly paid by Murphy. After her death Murphy paid the funeral expenses and was paid the full amount of

the policy. The lawful husband demanded payment under the policy, and, being refused, an administrator was appointed and brought suit. The payment was upheld as a complete discharge of all obligations under the policy.

In Thomas v. Prudential Ins. Co., 148 Pa. 594, supra, upon death of the insured, payment was made to the insured's landlady to whom he was indebted for board and a portion of the funeral expenses. This payment was upheld as being at compliance with the terms of the contract. In Bishop v. Prudential, supra, the husband carried such a policy, and a divorce was obtained by his wife. She continued to pay premiums, and upon the death of the insured, payment to the divorced wife was upheld, notwithstanding the fact that the insurance company was notified that there were outstanding claims against the estate of the deceased. In Thompson v. Prudential Ins. Co., supra, a boy under age carried such a policy. The insured's parents placed him with a man by the name of Newton to be cared for until the insured became of age, who, in turn, was to have the use of the boy's services. Newton paid the premiums on the policy up to the time the boy ran away. Soon thereafter the insured died at his mother's, and it was held that payment of the insurance to Newton amounted to complete satisfaction of its obligations in accordance with the terms of the contract.

In Slingerland v. Prudential, supra, a daughter of the insured produced the policies and received payment upon the death of the insured. At the time payment was made, a letter had been received by the insurer from the administrator demanding payment, although not transmitted to the proper department for payment. It was there stated that the clause allowing such payment was so clear in its terms, and its purpose was so obvious and manifest, that there was no room for construction. In Chance v. Metropolitan, supra, several persons, including an administrator, made claim to the insurance. Kate Ford received payment, and the payment was upheld as a complete satisfaction of the obligation, she having paid certain premiums on the policy.

The cases of Shea v. U. S. Industrial Ins. Co., 48 N. Y. S. 548, and Zornow v. Prudential Ins. Co., 206 N. Y. S. 92, are cited by counsel for plaintiff as holding to the contrary. The same or similar policy provisions as here involved were involved in both cases. In the first case a representative of the insurer at the time the policy was

sold orally promised the insured, who could not read, that the insurance would be paid to plaintiff. This promise was held to constitute an election by the insurer to pay that beneficiary. In the latter case, payment was made to a woman who was financially irresponsible upon a promise that she would pay the funeral expenses of the insured. She had not incurred any expenses on behalf of the insured and did not pay the funeral expenses as promised. Neither of these cases is authority for plaintiff's position.

We conclude that the clause in question is a valid and binding provision of the contract; that such provision authorized the defendant to exercise its discretion in selecting any one of the persons therein named to receive payment, and when such was done and payment made in good faith, it fully discharged its obligation according to the terms of its contract. It is the only conclusion that can be reached by giving effect to the contract made between the parties. And courts are not justified in substituting opinions of what should have been done for that which was manifestly agreed upon. The evidence is undisputed that defendant paid the proceeds of the policies to one authorized by the policy to receive payment; that such payment was made in good faith; that defendant completely discharged its obligation by doing so, and is not liable to the administrator. Defendant's motion for a directed verdict should have been sustained. The judgment of the trial court is reversed and cause remanded, with directions to enter judgment for defendant.

BENNETT, TEEHEE, HERR, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.