HOWARD v. METROPOLITAN LIFE INSURANCE CO.

Insurance—Facility of Payment Clause—Beneficiaries.
   Insurer under two life insurance policies totalling $448 in which
      no beneficiary was named and which contained a facility of
      payment clause permitting insurer to pay any person appear-
      ing to the company to be equitably entitled to payment by
      reason of having incurred expense on behalf of the insured, or
      for his or her burial *held*, not liable thereunder in action by
      insured's widow where it had made payment to another person
      representing herself as insured's widow and who had paid a
      sum in excess of policies for funeral expenses and made claim
      against insurer for amount of the policies.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted June 18, 1937. (Docket No. 8, Calendar
No. 39,426.) Decided September 1, 1937.

Assumpsit by Roxie Howard, administratrix of
the estate of Henry Howard, deceased, against
Metropolitan Life Insurance Company on two life
insurance policies. Judgment for defendant. Plain-
tiff appeals. Affirmed.

*Roxborough & Taliaferro (Robert J. Evans,* of
counsel), for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (Max L.
Veech,* of counsel), for defendant.

Butzel, J. Roxie Howard, administratrix of the
estate of Henry Howard, appeals from a judgment
for defendant rendered by the trial judge without a
jury. In 1915, Henry Howard, decedent, took out

a policy with defendant company in which his mother was designated his beneficiary. In 1917, he took out another policy in favor of Roxie Fox, wife. In 1920, he took out the two policies in dispute in the instant case; one was in the amount of $256, and the other for $192, no beneficiary being named in either policy. In 1924, he took out another policy of $500 in favor of Roxie Howard, wife, but this policy had lapsed prior to the death of insured. The two policies in dispute were made payable by defendant to "husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his or her burial."

Henry Howard died on February 20, 1928. About three years prior to his death, plaintiff went to Chicago and lived there continuously until about four weeks after the death of decedent. Decedent remained in Detroit, where he was employed by Dodge Bros. Shortly after her departure, he began living with another woman who was known as Emma Whitfield. She publicly assumed the name of Emma Howard. She and decedent openly lived together as husband and wife for approximately 3 years. They opened a small tailoring shop which she managed during the daytime while he worked at Dodge Bros. She was known as Emma Howard, wife of decedent. Upon his death she made the funeral arrangements and took the body to Natchez, Mississippi, for burial. Her testimony that from her own funds she expended a sum in excess of the amount due under the two policies for funeral expenses is undisputed. Upon her return from the south, she took the two policies in question to defendant's office. She tes-

tified that she told defendant's agent that she was decedent's wife, and that she either had taken care of or would pay the funeral expenses and doctor's bill.

Plaintiff, as appellant, claimed that the court erred because the $500 lapsed policy taken out in 1924 by decedent named Roxie Howard as his wife and that thus defendant had notice from its own records that Roxie, and not Emma, was decedent's wife, and that under the circumstances it had no right to pay the amounts of the two small policies to Emma. Even assuming this to be true, defendant did have the right to pay the insurance to Emma, who not only contracted to pay, but did pay the funeral expenses and other bills in excess of the aggregate of the two policies. The facility of payment clause in the policy so provided. The funeral expenses and other bills would have been a charge against the estate of Henry Howard on whose behalf plaintiff, as administratrix, has brought suit.

Appellant further claims that the judge found that the defendant had paid out the money to Emma Howard without first ascertaining that she had assumed or paid the funeral expenses. Even if the record justifies this finding, the fact that Emma did pay the funeral expenses and the other bills, aggregating more than the two policies, has relieved defendant from liability. See *Sylvester* v. *Metropolitan Life Ins. Co.*, 255 Mich. 302.

The judgment is affirmed, with costs to defendant.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.