BROWN v. METROPOLITAN LIFE INS. CO.

Division A. Dec. 3, 1951.

No. 38087 (55 So. (2d) 415)

676

Hall & Callender, for appellant.

678

Wells, Wells, Newman & Thomas, for appellee.

**Ethridge, C.**

The principal question in this case is whether appellee, defendant in the court below, Metropolitan Life Insurance Company, has paid properly the proceeds of two industrial life insurance policies in accordance with the provisions of a "facility of payment" clause in such policies on the life of Clarence Blakely, deceased.

This action was brought in the Circuit Court of Marion County on March 30, 1949, by Catherine Blakely Brown, daughter and administratrix of the estate of Clarence Blakely, deceased. The declaration, filed March 30, 1949, was in two counts, one on each of the two policies. Appellant charged that Clarence Blakely died on May 29, 1943 from injuries received in an automobile accident in California, by external, violent, and accidental means, and that payments of the benefits due under the two policies "were not made by defendant to any person lawfully authorized to receive the same", and that therefore the benefits were payable to the estate.

The policies were made exhibits to the declaration. In both the insurer agreed to pay the proceeds "to the

executor or administrator of the insured, unless payment be made under the provisions'' of the facility of payment clauses, which provided: ''The Company may make any payment or grant any non-forfeiture privilege provided herein to the Insured, husband or wife, or any relative by blood or connection by marriage of the Insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the Insured, or for his or her burial; and the production of a receipt signed by any of such persons, or of other proof of such payment or grant of such privilege to any of them, shall be conclusive evidence that all claims under this Policy have been satisfied.''

On June 20, 1949, appellee filed its answer, which admitted that benefits had accrued under the policies and averred that their payment in full had been made to a person authorized to receive such payment, Sally Blakely; that Sally was the wife of insured at the time of his death; and that if she was not such wife, she possessed at that time sufficient attributes or characteristics of the legal wife of insured so as to justify the payment to her; and further that Sally had incurred expenses on behalf of insured for his burial, and was for that additional reason a person entitled to receive payment under the above quoted clause.

The answer had attached thereto cancelled checks, payable to Sally Blakely and endorsed and cashed by her as follows: Check dated June 9, 1943 for $874.03, covering the regular benefits under the policy; check dated June 18, 1943 in the amount of $843, covering double indemnity payments for accidental death. It was stipulated that Clarence Blakely and Sally Dickerson, both residents of California, had contracted in California a ceremonial marriage, on February 21, 1942. The proof of death filed with appellee by Sally Blakely, dated June 4, 1943, contained the usual questions and answers and also stated that Sally Blakely had ''paid or

incurred the expense" of burial of the insured in the amount of $400.

On September 23, 1949, appellant amended its declaration by adding a charge as follows: "Plaintiff avers that the defendant wrongfully and arbitrarily paid the benefits due under said policy to one Sally Blakely, who was not then and there the wife of the insured, or any relative by blood or connection by marriage of the insured and who did not then and there appear to said company, in good faith, to be equitably entitled to the same by reason of having incurred expense on behalf of the insured, or for his burial, and in this connection, the plaintiff alleges that said Sally Blakely did not, in good faith, incur any expense on behalf of insured and did not in good faith incur any expense for his burial, and in fact and in truth did not pay any expense on behalf of insured or for his burial."

On the same day, appellee filed an amendment to its answer as follows: "Defendant denies each and every averment in the amendment to paragraph 7, of the first count of said declaration, except that defendant admits that said Sally Blakely did not pay any of the burial expense of said insured."

On the hearing the parties filed a stipulation of facts and certain documentary evidence was introduced by both sides, some of it over objections, but appellant has not assigned as error or argued the admission or exclusion of any specific evidence. Many of the facts in the stipulation are indicated above. It was also agreed that Clarence Blakely and Delitha Bullock were married in Marion County, Mississippi, on June 9, 1923, and that one child was born of that marriage, Catherine Blakely (Brown), now about 24 years of age; that on February 21, 1942, the insured married Sally Dickerson, and that he continued to live with Sally until his death in an automobile accident on May 31, 1943; that Delitha Blakely obtained a divorce from the insured in the chancery court

of Marion County, Mississippi, on October 27, 1942, about eight months after insured had contracted a ceremonial marriage with Sally. It was also agreed: "That on June 3, 1943, Sally Blakely incurred burial expenses for the insured's burial with Peoples Funeral Home of Los Angeles, California, in the total amount of $289.86 as shown by a duplicate bill of that funeral home, a copy of which is attached hereto as Exhibit 2 and made a part hereof."

The bill from the Peoples Funeral Home was in the name of "Mrs. Sallie Blakely * * * in account with the Peoples Funeral Home", and was dated June 3, 1943. It was further stipulated that on June 10, 1943, the Globe Indemnity Company, compensation insurance carrier for insured's employer, paid $150.00 of the funeral bill, and that on June 12, 1943, insured's employer paid the balance of the funeral bill, $139.86. On April 9, 1947, the Industrial Accident Commission of California made an award of Workmen's Compensation to Catherine Blakely Brown and insured's mother, and found that Sally Blakely was not the insured's wife under the law of California and was not entitled to such benefits. On August 16, 1946, Sally was committed to a California mental institution as a non compos mentis. On July 16, 1943, another policy on the life of Clarence Blakely, which had designated Catherine and Delitha Blakely as beneficiaries, was paid to the stated beneficiaries.

The circuit court took the matter under advisement and in June, 1950, held for appellee defendant, and dismissed appellant's declaration. The trial court found that the facts were undisputed and it was purely a question of law as applied to such facts; that the defendant "exercised good faith and caution and sound judgment in making the payments to Sally Dickerson Blakely, and that it was justified from all of the facts that it had before it and that it could reasonably obtain that the said Sally Dickerson Blakely was equitably entitled to

the payment of the proceeds of the policies and that, therefore it is discharged by said payment.''

Appellee concedes on this appeal that Clarence Blakely, at the time of his attempted marriage to Sally Blakely on March 17, 1942, and at the time of his death on May 31, 1943, was a resident citizen of the State of California, as was Sally Blakely; and that under the law of California, Clarence's attempted marriage to Sally in 1942 was invalid because at that time he was validly married to Delitha, and that under California law, Clarence and Sally could not contract a valid common-law marriage after Delitha had divorced Clarence in October, 1942. Hence the payment to Sally by appellee could not have been made to her because she was the wife ''or any relative by blood or connection by marriage of the insured.'' Two other bases for the payment under the quoted facility of payment clause are urged.

But appellant first says that appellee, in its answer to appellant's declaration, admitted that it made the payments to Sally Blakely in bad faith, and that for that reason, appellant was entitled to judgment upon the pleadings as a matter of law. As stated above, appellant amended its original declaration on the day of the trial by adding a charge that appellee wrongfully and arbitrarily paid the benefits to Sally Blakely, who was not insured's wife and who did not in good faith incur any burial or other expenses for insured. Appellee then amended its answer and denied ''each and every averment in the amendment to paragraph 7, of the first count of said declaration, except that defendant admits that said Sally Blakely did not pay any of the burial expenses of said insured.'' At that time, the governing statute concerning the pleadings in the circuit court was Chapter 230, Mississippi Laws of 1948, Section 2 of which provided: ''The defendant shall answer fully all the allegations of declaration without being specially interrogated. All matters of fact averred in the declaration and not denied by the answer otherwise than by the general

traverse, may be taken at the hearing as admitted.'' A general denial is now permitted by Miss. Laws 1950, Chapter 356.

Although the quoted amendment to appellee's answer may not be in full compliance with Chapter 230, Laws of 1948, we think that appellant is precluded from raising this pleading issue at this time. The case was submitted to the trial judge without a jury on a written stipulation of facts and certain documentary evidence, with no oral testimony. The record reflects that the entire case was submitted below on the theory that the good faith vel non of appellee in making the payments to Sally Blakely was a principal issue and the entire case was submitted to and considered by the trial court on that theory. Nor did appellant file any pleadings questioning the sufficiency of the answer in the trial court. Under these circumstances, we think that appellant is precluded here from contending that appellee admitted in its answer that it paid Sally in bad faith.

Appellee says that the payment was properly made to Sally as a ''person appearing to said company to be equitably entitled to the same by reason of having incurred expenses on behalf of the insured, or for his or her burial.'' Appellant argues that both appellee and Sally knew that Sally would not have to pay the funeral bills because insured's compensation carrier and employer were liable therefor; that Sally had falsely represented that she had paid or incurred the funeral expenses; and that six days before appellee made the final payment to Sally on June 18, the funeral bill had already been paid by the employer and the insurance carrier, and that the slightest inquiry by Metropolitan would have disclosed that fact to it; and that, therefore, in paying the death benefits to 'Sally, appellee acted in bad faith or carelessly.

The bill for burial of Clarence was charged to Sally Blakely and dated June 3, 1943. It reflects payments by Globe Indemnity Company on June 10, 1943, of $150,

and by insured's employer on June 12, of $139.86. The payment of regular benefits under the policies to Sally was made on June 9, one day prior to the partial payment on the bill by Globe Indemnity Company. The payment on the remaining benefits for accidental death was made by appellee on June 18, six days after the remainder of the funeral bill was paid by insured's employer. Appellee had in its possession at the time of the payments on June 9 and June 18 the proof of death filed by Sally Blakely with appellee, dated June 4, in which she stated that she had incurred medical bills. The stipulation of facts, in paragraph 8, quoted above, states that "Sally Blakely incurred burial expenses".

Under these circumstances the cases from other states dealing with the right of an insurer to pay those incurring expenses for insured's burial seem to recognize the validity of the present payment. The reasons for that result require a brief consideration of the purposes and terms of the facility of payment clause. Those purposes are outlined in 46 C. J. S., Insurance, Sec. 1185: "In this connection it has been said that one purpose is to afford a ready method of raising money for the benefit of insured, either to furnish him medical assistance in his last illness or to pay his funeral expenses, that another purpose is to enable the money to be paid speedily after insured's death without the delay or expense of taking out administration, and that other purposes are to remove the chance of litigation involving claimants and insurer and to protect the company against erroneous payment in good faith."

 The courts have consistently upheld the validity of this clause and have said that it will be liberally construed. 2 Appleman, Insurance Law and Practice (1941) Sec. 1162. In Metropolitan Life Insurance Company v. Bates, 1922, 130 Miss. 399, 94 So. 216, 218, a facility of payment clause was held to be valid and applicable where the insurer paid the proceeds of an industrial life insurance policy to insured's husband and her

nephew by marriage who had paid her funeral expenses. It was there said: ''The facility of payment clause in the policy expressly vests in the insurance company the right to exercise its discretion in making payment to any one coming within the enumerated classes,. including any person appearing to the company to be equitably entitled to it by reason of having incurred expense on behalf of insured, or for her burial.''

 In the exercise of its option the insurer must act in good faith and use sound judgment under the circumstances. Yet the purpose of the clause is to give the insurer reasonable latitude in a good faith payment of the proceeds of the policy. Its terms must be applied to the facts of each case. Accordingly, the general rule, as stated in Anno., 166 A. L. R. 10, 68, is: ''In this respect, the phrase 'appearing to the company' is to be noted and is of importance; the effect of this phrase in the context in which it is used is to give the insurer the discretion to judge who is equitably entitled to payment, and if the insurer in good faith pays a person fairly and sufficiently appearing to it to be equitably entitled to payment, such payment is not rendered improper if it is later shown that the payee was not actually equitably entitled to payment. Bradley v. Prudential Ins. Co., 1905, 187 Mass. 226, 72 N. E. 989; Thomas v. Prudential Ins. Co., 1892, 148 Pa. 594, 24 A. 82.''

With reference to the incurring of funeral expenses, 2 Appleman, Insurance Law and Practice, Section 1169, states the rule as follows:

''A court of equity will be reluctant to interfere with the election of the company where it has paid the person who incurred the expenses of the funeral. And where there is a dispute of fact as to such matters the insurer will probably be held justified in making payment as it did. * * * But if the money is paid to a person on her promise to pay the funeral expenses and she converts the money, the undertaker has been held to have a cause of action for such proceeds. The reason for this

holding was that an equitable claim to the funds was not established where such promise to pay the expenses was not communicated with the person conducting the funeral. And a definite promise or incurring of such expense must be shown, rather than a mere inquiry as to the amount of expense.''

In Prudential Insurance Company v. Brock, 48 App. D. C. 4, L. R. A., 1918E, 489, the insurer paid the proceeds of the policy to the husband, from whom the insured had separated, upon his promise to pay the funeral expenses, without ascertaining that such expenses had been paid, and after denial of an application by insured to designate another as beneficiary. It was held that the company had acted in good faith and that its decision was final and not subject to review. See Watson v. Pilgrim Health & Life Ins. Co., 1933, 47 Ga. App. 581, 171 S. E. 226. In Bradley v. Prudential Insurance Company of America, 1905, 187 Mass. 226, 72 N. E. 989, the insured separated from her legal husband, and went through the form of a ceremonial marriage with one Murphy, with whom she lived as husband and wife until the time of her death. Murphy paid the funeral expenses and a payment to him was upheld. In Pioneer Trust & Savings Bank v. Metropolitan Life Insurance Company, 1934, 278 Ill. App. 113, the putative wife of insured made the proof of death and promised to pay $75 toward his funeral bill, the total of which was $114. Apparently insured had not attempted to contract any ceremonial marriage with the payee, but the court held that the company had acted in good faith, knowing that she had been living with the insured as his wife and relying on her proof of death and her promise to pay the funeral expenses. Payment was made to a putative wife upon her promise to pay funeral expenses and was held valid, in Prudential Insurance Co. of America v. Howell, 1930, 144 Okl. 166, 289 P. 734, discussed subsequently. To the same effect are Thomas v. Prudential Ins. Co. of America, 1892, 148 Pa. 594, 24 A. 82; Howard

v. Metropolitan Life Ins. Co., 1937, 281 Mich. 50, 274 N. W. 706; 29 Am. Jur., Insurance, p. 954; Anno., 166 A. L. R. 10, 68-71. See also Brown v. Metropolitan Life Insurance Company, 1938, 69 App. D. C. 233, 100 F. (2d) 98. Sylvester v. Metropolitan Life Ins. Co., 1931, 255 Mich. 302, 238 N. W. 234, is distinguishable, because there the company knew that the woman was not insured's wife, while no such knowledge existed here.

In the present case Sally Blakely had incurred the obligation of paying the funeral expenses of insured, as is evidenced by the bill to her by the burial company and by the agreed stipulation of facts. Under these circumstances and precedents, the company acted in good faith, and validly exercised its option under the contract to pay Sally as one who had incurred burial expenses of insured.

Another reason why the payments were proper is set forth in Anno., 166 A. L. R. 10, 62, as follows: "Payment under a facility of payment clause made to a person as the surviving spouse of the insured, although actually not such, is not necessarily improper. In most cases, such payments have been upheld where the supposed surviving spouse was also 'equitably entitled' to payment or under circumstances indicating that the insurer made the payment in good faith and under the justifiable belief that the payee was actually the surviving spouse of the insured." The annotation there discusses seven cases so holding, which are also cited in this opinion.

The phrase, "appearing to the company", is of importance in giving the insurer the discretion to judge who is equitably entitled to payment in good faith, even though it is later shown that the payee was not actually equitably entitled to such payment. 166 A. L. R. 68. As is stated in 2 Appleman, Insurance Law and Practice, Section 1171, where a company makes a payment in good faith, ██ ██ "the courts will usually refuse to interfere with such decisions except upon a clear showing of bad faith". No such showing exists here. At the time of the

payments to Sally Blakely, she had filed a formal proof of insured's death, claiming as his wife, under an apparently valid ceremonial marriage in California. She had been living with deceased for several years before his death as his wife. The insured's valid marriage with Delitha was not of record in California, but in Marion County, Mississippi. Insured and Sally were both resident citizens of California. It would have taken appellee an unreasonable amount of time and expense to have investigated and ascertained such facts and that delay would have resulted in thwarting the purposes of such industrial life insurance policies and the facility of payment clause in them.

In Prudential Insurance Company of America v. Howell, 1930, 144 Okl. 166, 289 P. 734, 736, the insured attempted a void ceremonial marriage with Nora, and they lived together as husband and wife until insured's death three years later. Nora presented the policies and made claim for the benefits. The company paid her under a facility of payment clause. In her claim for insurance, Nora stated that she was to pay the funeral expenses, although such expenses were later paid from other sources. In upholding payment to Nora, the Oklahoma Court held: ''The only other question to be decided by defendant in asking payment to her was whether or not she appeared to defendant to be equitably entitled to the insurance. The contract does not require that one so paid be, in fact, equitably entitled to the money, but provides that payment may be made to any person appearing to the company to be equitably entitled to the insurance by reason of expenses incurred. This, no doubt, requires that the insurer act in good faith in exercising its option under the clause, and all of the authorities so held. Under the facts above outlined, the defendant was justified in its decision that Nora Fraser was equitably entitled to the proceeds of the insurance policies, nothing to the contrary appearing.''

Payments under facility of payment clauses to putative wives were upheld for similar reasons in Wilson v. Metropolitan Life Insurance Company, 1934, 239 App. Div. 745, 268 N. Y. S. 549, and Howard v. Metropolitan Life Insurance Company, 1937, 281 Mich. 50, 274 N. W. 706. See also 29 Am. Jur., Insurance, Sec. 1278; 166 A. L. R. 10, 62-64.

For these reasons we think that the trial court was correct in holding that appellee, in making payments to Sally Blakely, acted on reasonable grounds and in good faith, that in fact she reasonably appeared to appellee to be equitably entitled to the proceeds, and that therefore such payments were within the terms of the facility of payment clauses in the policies.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.