UNITED STATES of America, Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Defendants.

Civ. A. No. S87–0565(R).

United States District Court,
S.D. Mississippi, S.D.

Aug. 17, 1989.

Crockett Lindsey, Asst. U.S. Atty., Biloxi, Miss., Brent A. Richardson, Chief, Claims and Tort Litigation Div., Keesler AFB, Miss., for plaintiff.

Reilly Morse, Compton, Crowell & Hewitt, Biloxi, Miss., for defendants.

## MEMORANDUM ORDER

DAN M. RUSSELL, Jr., Judge.

This cause is presently before this Court on plaintiff United States of America's ("the Government") Motion for Summary Judgment and Defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company's ("State Farm") Cross Motion for Summary Judgment pursuant to Rule 56(a) and (c), respectively, of the Federal Rules of Civil Procedure.

A careful review of the pleadings, exhibits and memorandum of law moves this Court to find the following uncontroverted Findings of Facts and Conclusions of Law.

## UNCONTROVERTED FINDINGS OF FACTS

This case results from the consolidation of twenty-four (24) claims by the Government on behalf of the Departments of the Air Force, Army and Navy against State Farm pursuant to 28 U.S.C. § 1345.

Twenty-three (23) of the claims are made under State Farm auto policy # 9824.1; and one claim arises under State Farm Fire policy # FC 7900 (the watercraft policy).

The pertinent parts of the auto policy are:

**Section II—Medical Payments—Coverage C**

**Medical Expenses**

We will pay reasonable medical expenses, for bodily injury caused by accident, for services furnished within one year of the date of the accident.

**Persons for Whom Medical Expenses are Payable.**

We will pay medical expenses for bodily injury sustained by:

1. a. The first person named in the declarations;

 b. his or her spouse; and

 c. their relatives.

**Payment of Medical Expenses**

We may pay the injured person or any person or organization performing the services.

**What is Not Covered**

**THERE IS NO COVERAGE:**

4. FOR MEDICAL EXPENSES FOR BODILY INJURY:

   a. SUSTAINED WHILE OCCUPYING OR THROUGH BEING STRUCK BY A VEHICLE OWNED BY YOU, YOUR SPOUSE, OR ANY RELATIVE, WHICH IS NOT INSURED UNDER THIS COVERAGE; OR

   b. TO THE EXTENT WORKER'S COMPENSATION BENEFITS ARE REQUIRED TO BE PAYABLE; OR

   c. SUSTAINED BY ANY PERSON, other than the first person named, his or her spouse or their relatives, WHILE OCCUPYING THE VEHICLE:

   (1) RENTED TO OTHERS.

   (2) USED TO CARRY PERSONS FOR A CHARGE. This does not apply to a private passenger car used on a share expense basis.

The pertinent parts of the watercraft policy are:

**COVERAGE M—WATERCRAFT MEDICAL PAYMENTS**

We will pay the necessary medical expenses for bodily injury caused by accident that:

1. are incurred or medically ascertained within three years from the date of an accident; and

2. result from the ownership, maintenance or use of your watercraft.

Defendant State Farm issued boating and automobile accident insurance policies to various active duty and retired service members. The owners of these policies or members of their families were all injured in boating or automobile accidents while the policies were in full force and effect. The Government provided medical treatment pursuant to its obligation to provide such care under 10 U.S.C. §§ 1074 and 1076.

State Farm was given timely notice of all claims of the Government seeking reimbursement under the terms of the insurance policies for the reasonable value of the medical care provided their insureds. In each case the defendant denied any liability to the Government under the terms of the policies.

CONCLUSIONS OF LAW

The plaintiff is the United States of America; and the defendants are State Farm Mutual Automobile Insurance Company, an Illinois company doing business in Mississippi, and State Farm Fire and Casualty Company, also an Illinois Company doing business in Mississippi. Jurisdiction of this Court is pursuant to 28 U.S.C. § 1345.

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *St. Amant v. Benoit,* 806 F.2d 1294 (5th Cir.1987). It is the law that "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original)."

In determining what constitutes a "genuine" issue, the Fifth Circuit has stated that:

[A]n issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party. If, on the other hand, the evidence offered by both the moving and opposing parties would support only one conclusion and, even if all the evidence to the contrary is fully credited, a trial court would be obliged to direct a verdict in favor of the moving party, the issue is not genuine.

*Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986) (footnotes omitted).

The United States Supreme Court further stated in *Liberty Lobby* that as to materiality, "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. at 2510.

The Supreme Court has noted that the standard for summary judgment mirrors the standard for a directed verdict, the main difference between the two being when they are used, as the inquiry under each is the same. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Barebones allegations are insufficient to withstand summary judgment because the opposing party 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard, et al. v. City of Greenwood, Miss., et al.,* 783 F.2d 1311, 1315 (5th Cir.1986) (citing *Nicholas Acoustics & Specialty Co. v. H & M Construction Co., Inc.,* 695 F.2d 839, 845 (5th Cir.1983).

This Court, while noting the plaintiff's argument that it is an insured under the terms of the policies, nevertheless elects to base its holding upon other grounds.

Is the United States Entitled to Medical Payment Recovery as a Third–Party Beneficiary to the Insurance Contract?

Under this question the Court first considers the coverage under the automobile insurance policies. Plaintiff cites *United States v. United Services Automobile Association,* 431 F.2d 735 (5th Cir.1970), *cert. denied,* 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971), *reh. denied,* 401 U.S. 984, 91 S.Ct. 1188, 28 L.Ed.2d 338 (1971), wherein the court affirmed a Texas district court's finding that the United States was a third-party beneficiary under expenses for medical services section of an automobile insurance policy. In that case the ser-

vices were provided pursuant to 10 U.S.C. § 1076 under a policy which differed from the policies in the case at bar in that the medical expenses were to be paid "to or for the named insured ..." *Id.* 431 F.2d at p. 737.

Plaintiff also cites us to *United States v. Automobile Club Insurance Company,* 522 F.2d 1 (5th Cir.1975), in which the court reversed and remanded from a Louisiana district court holding that "where no expense had been 'incurred' by the insured, free medical services having been provided by the Government," no recovery would be allowed. In that case the Court of Appeals held that the Government was a third-party beneficiary to an automobile insurance contract entitled to collect the cost of medical care provided pursuant to the provisions of 38 U.S.C. § 610.

While conceding that the policies under consideration do not contain the "to or for" language, as found in the cases cited, this Court finds no substantial limitation when, as pointed out by the plaintiff, the language in State Farm's policy that "We will pay reasonable medical expenses, for bodily injury caused by accident, for services furnished ..." is read together with the heading "Persons For Whom Medical Expenses Are Payable." It would seem unusual to purchase medical insurance under terms requiring the insurer to pay only directly to the insured in light of the manner that business is commonly conducted with modern health care systems.

Defendant in the case *sub judice* would have the Court focus on, *inter alia,* the absence of "to or for" phraseology and on the language of the facility of payment clause "We may pay the injured person or any person or organization performing the services." Defendant seeks to persuade this Court that "We may pay ..." anticipates that neither the insured nor the medical care provider will be paid rather than that either party incurring the expense of treatment be paid for the cost of services.

Referring to "facility of payment" clauses, the Mississippi Supreme Court in *Overstreet v. Allstate Insurance Company,*

474 So.2d 572 (Miss.1985), followed *Brown v. Metropolitan Life Insurance Co.,* 212 Miss. 675, 55 So.2d 415 (1951), wherein it stated:

> '[i]n the exercise of its option the insured must act in good faith and use sound judgment under the circumstances. Yet the purpose of the clause is to give the insuror reasonable latitude in a good faith payment of the proceeds of the policy. Its terms must be applied to the facts of each case.' *Id.* 55 So.2d at 420.

While the Court in *Overstreet, supra,* upheld the insurance company's choice of beneficiary to receive payment under a facility of payment clause, the insurer was seeking to pay its choice as allowed under the terms of the policy whereas in the case *sub judice* State Farm would elect to pay no one.

This Court finds the reasoning in *United States v. Government Employees Insurance Company,* 461 F.2d 58 (4th Cir.1972), helpful wherein under similar circumstances and policy language, the court stated:

> It must be assumed that the insurer knew that its insured in this case was entitled to obtain medical services at the expense of the United States, as provided under Section 1074(b), 10 U.S.C. It had included as a separate part of its contract of insurance, for which it unquestionably charged a portion of its premium, this provision obligating itself to pay the medical expenses incurred as a result of an accident on behalf of the insured. To allow it to eliminate from its obligation, under this provision, any expenses incurred by the United States under the latter's statutory obligation to the insured would mean that the insurer actually would have been incurring no liability, or at least a most limited one, under this part of its policy, for which it had charged a portion of its premium. Certainly, the insurer had not intended—it undoubtedly had not adjusted its premium to take into account—any such 'windfall' as would result in its favor by limiting its obligation under the 'Expenses for Medical Services' portion of its policy as it now asks of the Court. It

would be unconscionable so to limit it. *See Government Employees Insurance Company v. United States,* (10th Cir. 1965) 349 F.2d 83, 85–86, cert. den. 382 U.S. 1026, 86 S.Ct. 646, 15 L.Ed.2d 539, reh. den. 383 U.S. 939, 86 S.Ct. 1064, 15 L.Ed.2d 857.

*Id.* at p. 60.

Defendant cites this Court to an unpublished opinion, *United States v. State Farm Mut. Auto.,* Civil Action No. S85–0467(N) (S.D.Miss. Filed July 1, 1986), wherein the Government made a claim against State Farm for reimbursement of medical care under the insured's uninsured motorist coverage. In speaking to the issue of third-party beneficiary status of the Government as applied to the policy under consideration, the Court stated:

> The general rule, as expressed in Mississippi cases, is that one who is not a party to a contract can sue only when the condition breached was placed there for his direct benefit.
> *Hartford Accident & Indemnity Co. v. Hughes,* [Hewes] 199 So. 93 (Miss.1940); *Burns v. Washington Savings,* 171 So.2d 322 (Miss.1965). When this rule is applied to the policy, it is apparent that the definition of insured in the contract is not broad enough to include the United States either by name or as one of an intended class, because the definition excludes governmental entities as a class from coverage. Therefore the Court finds that the United States fails to qualify as a third party beneficiary under the provision of the contract.

*Id.* at p. 7–8.

The precise language in *Burns, supra,* as set out on Page 325 of that case is:

> In order for the third person beneficiary to have a cause of action, the contracts between the original parties must have been entered into for his benefit, or at least such benefit must be the direct result of the performance within the contemplation of the parties as shown by its terms. There must have been a legal obligation or duty on the part of the promise to such third person beneficiary. This obligation must have been a legal

 

duty which connects the beneficiary with the contract. In other words, the right of the third party beneficiary to maintain an action on the contract must spring from the terms of the contract itself. 17A C.J.S. Contracts § 519(4) (1963).

It is not necessary for this Court to take issue with the court in *United States v. State Farm Mut., supra,* as it is clear that the exclusionary language under the uninsured motorist section of the policy in that case is not found in the medical care section of the policies herein under consideration. If anything, this Court draws support from the opinion in that it shows that if specific exclusion as to "any governmental body or agency" is intended, then it could easily have been stated in the insurance policy.

This Court would also submit that under *Burns, supra,* the Government would qualify as a third-party and the reimbursement for services a benefit "within the contemplation of the parties...."

Considering next the status of the Government under the terms of the State Farm Boatowner's Policy, this Court is not provided with any persuasive law specifically dealing with boatowner's policies, however, it is the opinion of this Court that, as reasoned previously, the drafters of the policy could easily have added exclusionary language which would have excluded the Government. Further, this Court finds the reasoning of the court in *United States v. Government Employees Insurance Company, supra,* compelling as it would appear, that absent a showing that a lesser premium was charged for servicemen and their dependents, failure to reimburse the Government for reasonable medical services would constitute a "windfall" not reasonably to be expected by the insurer.

After careful analysis of the facts and law, this Court concludes that the plaintiff's Motion for Summary Judgment should be granted and the defendants' Cross Motion for Summary Judgment should be denied.

THEREFORE, IT IS ORDERED AND ADJUDGED that the Motion of the plaintiff United States of America for Summary Judgment is hereby GRANTED; and that the Cross Motion of the defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company for Summary Judgment is hereby DENIED.

IT IS FURTHER ORDERED AND ADJUDGED that judgment shall be entered in accordance with the foregoing Memorandum Order pursuant to Rule 58 of the Federal Rules of Civil Procedure and Rule 9 of the Uniform Local Rules of the United States District Court, Southern Division.

SO ORDERED AND ADJUDGED.