**Travis H. BRYANT, Plaintiff,**

v.

**UNITED PACIFIC INSURANCE COMPANY, Defendant and Third Party Plaintiff,**

**and**

**Jo Ellen Bryant, Third Party Defendant.**

**Civ. A. No. J89–0523(L).**

United States District Court, S.D. Mississippi, Jackson Division.

May 25, 1990.

Travis H. Bryant, Jacksonville, Fla., for Travis H. Bryant.

Michael D. Greer, Tupelo, Miss., for United Pacific Ins. Co.

Douglas M. Magee, Mendenhall, Miss., for Jo Ellen Bryant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant and third-party plaintiff United Pacific Insurance Company (United Pacific) for summary judgment. Third-party defendant Jo Ellen Bryant has also filed a summary judgment motion

which she requests be decided by the court if it determines to deny United Pacific's motion. The parties against whom each motion is addressed have responded to the respective motion. The court has considered the memoranda with attachments submitted by the parties and concludes that United Pacific's motion should be granted.

The material facts, which are undisputed, are as follows: On February 1, 1985, United Pacific issued a homeowner's policy to Travis and Jo Ellen Bryant as the named insureds. On July 11, 1987, at a time when the policy was in effect, the Bryants incurred a loss by fire on certain insured property. No payment was initially made under the policy because the Bryants were in the process of divorce proceedings and were attempting to settle property rights between themselves. On July 25, 1988, a judgment of divorce was granted by the Chancery Court of Simpson County, Mississippi to Jo Ellen Bryant from Travis H. Bryant on the ground of habitual cruel and inhuman treatment. Among other things, the judgment "ordered, adjudged and decreed,"

> [t]hat the insurance funds from the damage by fire to the contents of the home shall be paid to the Plaintiff to be delivered by her to her parents, Hulon Clyde Jones and Wilda H. Jones, who actually owned the contents destroyed by fire.

Pursuant to that judgment, United Pacific made its contents check payable to Jo Ellen Bryant.

■■■ Travis Bryant brought this action seeking to recover policy proceeds charging that United Pacific had wrongfully and in disregard of his rights as an insured excluded him from payment. He also alleged entitlement to punitive damages in the amount of $800,000. On the present motion, United Pacific asserts that pursuant to the judgment of the chancery court, it was required to make its check payable to Jo Ellen Bryant and was prohibited from making any payment to Travis Bryant. It further contends that the policy authorized it to do so. Regarding payment of loss, the policy stated the following:

> We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.

In the court's opinion, this provision operates as a facility of payment clause, and granted to United Pacific "reasonable latitude in a good faith payment on the proceeds of the policy." *Brown v. Metropolitan Life Ins. Co.*, 212 Miss. 675, 55 So.2d 415 (1952). In *Brown*, the court stated that the validity of such clauses has consistently been upheld and such clauses will be liberally construed. *Brown*, 55 So.2d at 420; *see also Overstreet v. Allstate Ins. Co.*, 474 So.2d 572 (Miss.1985) (enforcing facility of payment clause granting life insurer discretion to pay policy benefits to "person legally entitled to recover the damages which the payment represents"); *United States Fid. & Guar. Co. v. Pearthree*, 389 So.2d 109 (Miss.1980) (recognizing validity of clause in uninsured motorist provision).

Plaintiff takes the position that even if the clause is legally valid,[1] there exists a question of fact concerning whether the defendant, in making the payment to Jo Ellen Bryant, "act[ed] in good faith and use[d] sound judgment under the circumstances." *Brown*, 55 So.2d at 420. First, he asserts that United Pacific knew when it made the payment that there was a controversy between Travis and Jo Ellen Bryant over the insurance funds. The insurer, though, had the right to treat the provision

---

**1.** Plaintiff argues that the provision in question does not "legally qualify" as a facility of payment clause since such clauses involve only beneficiaries of life, accident or other personal insurance policies. However, the court is aware of nothing that would preclude the inclusion of such a clause in a homeowner's policy or the enforceability of a facility of payment clause in that context.

He also claims that the language of the clause is ambiguous. The court, which is to make the determination whether there exists an ambiguity, concludes that plaintiff's argument in this regard is without merit. The insurer was authorized to pay the person or persons "legally entitled to receive payment." *See Overstreet*, 474 So.2d at 575 (unambiguously provided for payment to person legally entitled to receive the damages).

in the judgment of divorce on that topic as having resolved that controversy. Plaintiff additionally claims that United Pacific knew at the time it made the payment that he had filed an appeal of the chancery court judgment to the Mississippi Supreme Court and that the judgment, therefore, never became a final decree. Consequently, defendant could not have legally and in good faith have relied on the divorce decree in issuing payment to Jo Ellen Bryant. However, the pendency of an appeal does not affect the finality of the judgment from which the appeal is taken. *Cf. Mississippi Power and Light Co. v. Town of Coldwater*, 168 F.Supp. 463, 475 (N.D.Miss.1958) (state court judgment given res judicata effect in federal court while judgment was on appeal to Mississippi Supreme Court); *Early v. Board of Supervisors*, 182 Miss. 636, 181 So. 132, 133 (1938) (appeal of case does not vacate judgment appealed from). Thus, unless there had been a reversal before the payment was made, which is not the case, the insurer was entitled to base its disbursement of policy proceeds on the order of the lower court.

In a related vein, citing *East v. East*, 493 So.2d 927 (Miss.1986), plaintiff contends that United Pacific was not entitled to rely on the judgment of divorce because by that judgment the chancery court had improperly determined the rights of parties, namely Jo Ellen Bryant's parents, who were not parties to the litigation. However, even if that were so, it was not incumbent on the insurer to make an independent evaluation of the legal propriety of the chancellor's order and determine whether or not it considered his ruling to be in error. It was entitled to presume that the judgment was valid and correct.

Accordingly, it is ordered that the defendant's motion for summary judgment is granted.

A separate judgment shall be entered pursuant to Federal Rule of Civil Procedure 58.

ORDERED.